UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

**Aspen Lakes Golf Course, LLC**
**Aspen Investments, LLC, and**
**Wildhorse Meadows, LLC**

Debtor(s)

) Case No. __18-32265-tmb11__
)
)
) NOTICE OF MOTION FOR
) RELIEF FROM AUTOMATIC
) STAY IN A CHAPTER 11/12 CASE,
) AND OF HEARING THEREON

**YOU ARE NOTIFIED THAT**:

1.  A motion was filed by **Lewis Hanson and Company, Inc.** for relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

2.  The name and address of the moving party's attorney (or moving party, if no attorney) are: **Saalfeld Griggs PC, Attn: Erich M. Paetsch, 250 Church Street SE, Suite 200, Salem, OR 97301**

3.  If you wish to resist the motion you must, within 14 days of the service date shown below, file a written response with the Clerk of the Bankruptcy Court and, if served in paper, a certificate showing a copy of the response has been served on the moving party's attorney.

4.  Contents of Response. A response must state the facts upon which relief from the automatic stay is resisted. See Local Form 720.50 for details.

5.  **If you file a timely Response**:

    A Hearing on the motion will be held as follows:

    **Date:** __11/01/18__     **Time:** __10:30 a.m.__

    **Location:** ☐ Courtroom #_____, _____

    ☒ Telephone Hearing [**NOTE**: See LBF 888, Telephone Hearing Requirements]
    **Call In Number:**     (888) 684-8852
    **Access Code:**  ☒ 4950985 for Judge Trish M. Brown (tmb)
    ☐ 5870400 for Judge David W. Hercher (dwh)
    ☐ 1238244 for Judge Peter C. McKittrick (pcm)
    ☐ 3388495 for Judge Thomas M. Renn (tmr)
    ☐ Other_____

    NO TESTIMONY will be taken at the hearing.

6.  **If a timely response is not filed**, then either:

    a.  The court may sign an ex parte order, submitted by the moving party, granting relief from the stay;

    or b.  The stay will expire under the terms of 11 USC §362(e) 30 days after the motion was filed.

    CLERK, U.S. BANKRUPTCY COURT
    (If filing in paper and if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204. If it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401)

I certify that on __10/03/18__ copies of (1) this Notice, (2) Local Form 720.50 if this Notice was served on paper, (3) Local Form 888 if this Notice was served on paper and a Telephone Hearing will be held, and (4) the Motion were served on the Debtor(s), U.S. Trustee, and on the following parties, if any: Trustee, Creditors' Committee Chairperson, and their respective attorneys.

**/s/ Erich M. Paetsch, OSB #993350**
Signature of Moving Party or Attorney

1124 (8/28/17)

## RELIEF FROM AUTOMATIC AND CODEBTOR STAY PROCEDURES

1. <u>Filing Fee and Motion</u> - The moving party must pay the filing fee if the motion is for relief from the stay of 11 USC §362(a), and file a written motion:

   a. If it relates to <u>debtor</u> relief in a chapter 7 or 13 case, use <u>Local Form 720.80</u>.

   b. Otherwise, by preparing a unique motion which states:
   (1) The present balance owing to the moving party excluding any precomputed interest or other unearned charges;
   (2) The date upon which the debt was incurred;
   (3) Whether the moving party holds a security interest or lien upon the debtor's property;
   (4) The nature of the security interest or lien, the date upon which the security interest or lien was obtained, and if applicable, the date upon which the security interest or lien was perfected;
   (5) A description of the collateral sufficient for identification (e.g., street address);
   (6) The fair market value of the collateral;
   (7) A description of, and the amounts due upon, any other security interest or liens which have priority over that of the moving party;
   (8) Whether the debtor is in default and, if so, the number of defaulted installments and the total sums in default;
   (9) The subsection of §362(d) under which relief is requested; and
   (10) Any other facts which are relevant in determining whether relief should be granted.

2. <u>Notice of Motion</u> - The moving party must choose between, and completely fill out:

   a. Chapter 7 & 13 cases including chapter 13 codebtor stay: Use <u>Local Form 720</u>.

   b. Chapter 11 & 12 cases: Use <u>Local Form 1124</u>. You must obtain the date, time and location of hearing from the court before service.

   c. Chapter 12 codebtor relief. Use <u>Local Form 1220</u>.

3. <u>Service of Motion and Notice of Motion</u> - The moving party must serve the motion and notice of motion on all parties named in the certificate of service on the form. In chapter 11 & 12 cases, this service must be made **within 2 business days** of obtaining a hearing date, except if chapter 12 codebtor relief is sought.

4. <u>Filing of Motion and Notice with Clerk's Office</u> - The moving party must file the motion and notice of motion with the clerk of court on the day that the motion and notice are served.

5. <u>Response</u> - To resist the motion, a party must file a written response stating the specific facts upon which the motion is resisted within 14 days of the notice of motion's service date. The response must be filed as follows:

   a. Chapter 7 & 13 cases, including chapter 13 codebtor relief - The response must be completed in the "Response" portions of the original motion and filed with a Notice of Hearing on <u>Local Form 721</u>. Information about obtaining a hearing date is available on <u>Local Form 721</u>.

   b. Chapter 11 & 12 cases - The response must be filed with a certificate of service.

   c. Chapter 12 codebtor relief - The response must be filed with a notice of hearing on <u>Local Form 1220.5</u>. The notice must be served within 2 business days of obtaining the hearing date from the court.

6. <u>Failure to Respond/Object or Serve Notice of Hearing</u> - If a timely response and notice of hearing, if applicable, are not filed, then:

   a. The Court may sign an ex parte order, submitted by the moving party, granting the relief; or

   b. The automatic stay will either (1) expire 30 days after the motion was filed [per 11 USC §362(e)], or (2) expire 20 days after a motion for codebtor relief is filed in chapter 12 & 13 cases [per 11 USC §1201(d) & §1301(d)].

7. <u>Orders/Stipulations</u> - If necessary, a proposed order for relief from debtor stay in chapter 7 and 12 cases, and for debtor and codebtor relief in chapter 13 cases, must be submitted using <u>Local Form 720.90</u> (Order Re: Relief from Stay).

720.50 (12/1/2017)

## TELEPHONE HEARING REQUIREMENTS

1.   You must call in and connect to the telephone hearing line or personally appear in the judge's courtroom no later than your scheduled hearing time. The court will not call you.

2.   You may be asked to call again from another phone if your connection is weak or creates static or disruptive noise.

3.   Please mute your phone when you are not speaking. If you do not have a mute function on your phone, press *6 to mute and *6 again to unmute if you need to speak. Do not put the court on hold if it will result in music or other noise. If available, set the phone to "Do Not Disturb" so it will not ring during the hearing.

4.   When it is time for you to speak, take your phone off the "speaker" option or headset to minimize background noise and improve sound quality. Position the telephone to minimize paper rustling. Do not use a keyboard or talk with others in the room. Be aware that telephone hearings may be amplified throughout the courtroom.

5.   Do not announce your presence until the court calls your case. Simply stay on the line, even if there is only silence, until the judge starts the hearings, and then continue to listen quietly until your case is called.

6.   Whenever speaking, first identify yourself. When the court calls your case, it's helpful if the moving party speaks first to avoid multiple parties speaking at the same time.

7.   Be on time. The judge may handle late calls the same as a late appearance in the courtroom.

Clerk, U.S. Bankruptcy Court

888 (12/1/13)

Erich M. Paetsch, OSB No. 993350
epaetsch@sglaw.com
Saalfeld Griggs PC
P.O. Box 470
Salem, OR 97308–0470
Phone: (503) 399-1070
Fax: (503) 371-2927
Attorney for Creditor Lewis Hanson and Company, Inc.,

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | CASE NOS.: 18-32265-TMB11 (LEAD CASE) |
| | 18-32266-TMB11 |
| ASPEN LAKES GOLF COURSE, LLC, | 18-32267-TMB11 |
| ASPEN INVESTMENTS, LLC, AND | JOINTLY ADMINISTERED UNDER CASE NO.: |
| | 18-32265-TMB11 |
| WILDHORSE MEADOWS, LLC, | |
| Debtors. | **CREDITOR LEWIS HANSON AND COMPANY, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Creditor Lewis Hanson and Company, Inc. ("***Lewis Hanson***") hereby moves for an Order Granting Relief from the automatic stay under 11 U.S.C. §362(a) & (d) against Debtors ASPEN LAKES GOLF COURSE, LLC, ASPEN INVESTMENTS, LLC, And WILDHORSE MEADOWS, LLC (collectively, "***DIP***") as provided herein. Lewis Hanson seeks relief from stay for the purpose of continuing the foreclosure of certain real property that is not property of the estate and is not property owned by the DIP.

BRIEF STATEMENT OF FACTS

On or about June 6, 2018, Lewis Hanson initiated two non-judicial foreclosure actions relevant to this Motion. First, Lewis Hanson caused a Notice of Default and Election to Sell certain commercial real property ("***Hwy. 126 Notice***") commonly known as 17204 Highway 126,

Case 18-32265-tmb11    Doc 137    Filed 10/03/18

Sisters, OR 97759 and legally described as "Lots Four (4), Five (5), Six (6) and Seven (7), in Section Six (6), Township Fifteen (15) South, Range Eleven (11), East of the Willamette Meridian, Deschutes County, Oregon" and identified as Property Tax Account Nos.: 133931, 253550 &133932 ("***Hwy. 126 Real Property***"). The Hwy. 126 Real Property is owned by Keith Cyrus and Connie Cyrus, also known as Conida E. Cyrus, as tenants by the entirety. Keith and Connie Cyrus granted the Hwy. 126 Real Property to Lewis Hanson under that certain trust deed dated November 2, 2009 and further described in the Hwy. 126 Notice ("***Hwy. 126 Trust Deed***"). The Hwy. 126 Trust Deed contains, among other provisions, a Cross-Collateralization covenant that provides that the Hwy. 126 Trust Deed secures all obligations, debts, and liabilities, including interest, of Keith Cyrus and Connie Cyrus to Lewis Hanson.

The Hwy. 126 Trust Deed secures a certain Promissory Note owing by Keith and Connie Cyrus to Lewis Hanson dated on or about November 2, 2009 ("***Hwy. 126 Promissory Note***"). The indebtedness owing upon the Hwy. 126 Promissory Note, as of May 19, 2018, totals $841,590.77, which amount includes principal of $464,991.43, accrued interest $343,551.16, late charges of $31,972.50, and attorney fees of $1,075.68, together with all other amounts recoverable by Lewis Hanson upon the Hwy. 126 Trust Deed. The combined tax assessed value for the Hwy. 126 Real Property is $143,978.00. Lewis Hanson initiated non-judicial foreclosure of the Hwy. 126 Trust Deed based on Keith and Connie Cyrus's multiple payment defaults under the loan and Hwy. 126 Trust Deed. As of May 19, 2018, Keith and Connie Cyrus had defaulted upon 68 payment installments, resulting in a total default of $376,599.34, which amount includes accrued interest, late charges and attorney fees.

A true and correct copy of the Hwy. 126 Notice, Hwy. 126 Trust Deed and Hwy. 126 Promissory Note are attached hereto as ***Exhibit A***, ***Exhibit B***, and ***Exhibit C*** respectively, and are

**SAALFELD GRIGGS PC**
LAWYERS
PO BOX 470  SALEM  OR  97308-0470  TEL: (503) 399-1070  FAX: (503) 371-2927

4844-2843-8132, v. 1

fully incorporated herein by this reference. There are no other lien holders upon the Hwy. 126 Real Property based on Lewis Hanson's information.

Second, Lewis Hanson caused a certain Notice of Default and Election to Sell certain commercial real property ("*Jordan and Golden Notice*") commonly known as 16850 Jordan Road, and 17037, 16947, 16827, Sisters, OR 97759, and legally described on the attached *Legal Description* fully incorporated herein by this reference ("*Jordan and Golden Real Property*"). The Jordan and Golden Real Property is comprised of two separate parcels: Parcel 1 and Parcel 2. Parcel 1 is owned by O. Keith Cyrus and Connie Cyrus, as tenants by the entirety. Parcel 2 is owned by Matthew K. Cyrus, O. Keith Cyrus, and Pamela K. Cyrus. O. Keith Cyrus, Connie Cyrus, Matthew K. Cyrus, O. Keith Cyrus, and Pamela K. Cyrus granted the Jordan and Golden Real Property to Lewis Hanson under that certain trust deed further described in the Jordan and Golden Notice ("*Jordan and Golden Trust Deed*"). The Jordan and Golden Trust Deed contains, among other provisions, a Cross-Collateralization provision that provides that the Jordan and Golden Trust Deed secures all obligations, debts, and liabilities, including interest, of O. Keith Cyrus, Connie Cyrus, Matthew K. Cyrus, and Pamela K. Cyrus to Lewis Hanson.

The Jordan and Golden Trust Deed secures a certain Promissory Note owing by O. Keith Cyrus, Connie Cyrus, Matthew K. Cyrus, and Pamela K. Cyrus to Lewis Hanson dated on or about July 21, 2008 ("*Jordan and Golden Promissory Note*"). The indebtedness owing upon the Jordan and Golden Promissory Note, as of May 19, 2018, totals $788,017.96, which amount includes principal of $441,717.46, accrued interest $311,226.76, late charges of $31,027.50, and attorney fees of $4,046.24, together with all other amounts recoverable by Lewis Hanson upon the Jordan and Golden Trust Deed. The combined tax assessed value for the Jordan and Golden Real Property is $1,037,004.00. Lewis Hanson initiated non-judicial foreclosure of the Jordan

**SAALFELD GRIGGS PC**
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070 FAX: (503) 371-2927

and Golden Trust Deed based on O. Keith Cyrus, Connie Cyrus, Matthew K. Cyrus, and Pamela K. Cyrus's multiple payment defaults under the loan and Jordan and Golden Trust Deed. As of May 19, 2018, O. Keith Cyrus, Connie Cyrus, Matthew K. Cyrus, and Pamela K. Cyrus had defaulted upon 81 payment installments, resulting in a default in the total sum of $346,300.50, which amount includes accrued interest, late charges and attorney fees.

A true and correct copy of the Jordan and Golden Notice, Jordan and Golden Trust Deed and Jordan and Golden Promissory Note are attached hereto as ***Exhibit D***, ***Exhibit E***, and ***Exhibit F*** respectively, and are fully incorporated herein by this reference.

On information and belief, the names of the parties holding an additional lien upon the Jordan and Golden Real Property is Selco Community Credit Union. Attached hereto as ***Exhibit G*** is Page 10 of a Trustee's Sale Guarantee identifying the Selco Community Credit Union lien information.

Though the Hwy. 126 Trust Deed and the Jordan and Golden Trust Deed both contain cross-collateralization provisions, none of the borrowers or grantors under either the Hwy. 126 Trust Deed or the Jordan and Golden Trust Deed are debtors in the above-referenced case, are DIP, or are co-debtors of DIP. Lewis Hanson is not currently foreclosing any other trust deeds granted by DIP or any of the grantors under the Hwy. 126 Trust Deed or the Jordan and Golden Trust Deed except for the Hwy. 126 Trust Deed and the Jordan and Golden Trust Deed.

Lewis Hanson is also the beneficiary and holder of that certain Blanket Deed of Trust dated March 20, 2009 and relating to several parcels of real property described further therein, granted as security for repayment of several promissory notes described further therein, and granted by several grantors as further described therein ("***Blanket Deed of Trust***"). The Blanket Deed of Trust includes, without limitation, a promissory note and deed of trust granted by Aspen

**SAALFELD GRIGGS PC**
LAWYERS
PO BOX 470  SALEM  OR  97308-0470  TEL: (503) 399-1070  FAX: (503) 371-2927

4844-2843-8132, v. 1

Investments, LLC relating to a certain parcel of real property identified in the Blanket Deed of Trust as "Parcel 7" and legally described in the Blanket Deed of Trust. The Blanket Deed of Trust also includes, without limitation, the Jordan and Golden Promissory Note and the Jordan and Golden Deed of Trust. The Blanket Deed of Trust also contains a Cross-Collateralization covenant that provides that the Blanket Deed of Trust secures all obligations, debts, and liabilities, including interest, of all of the grantors under the Blanket Deed of Trust to Lewis Hanson. A true and correct copy of the Blanket Deed of Trust is attached hereto as *Exhibit H* and fully incorporated herein by this reference.

## POINTS AND AUTHORITIES

This Court should grant Lewis Hanson's Motion for Relief from Automatic Stay because the Hwy. 126 Real Property and the Jordan and Golden Real Property are not properties owned by the DIP or properties of the estate under 11 U.S.C. §541, and as such are not subject to the automatic stay provided for under 11 U.S.C. §362. Lewis Hanson has not initiated foreclosure upon any real property that is property of the estate and/or that is owned by the DIP. The automatic stay does not apply to any of the borrowers or grantors under either the Hwy. 126 Trust Deed or the Jordan and Golden Trust Deed, including, without limitation, under any cross-collateralization provision contained in such trust deed, because none of the borrowers or grantors under either the Hwy. 126 Trust Deed or the Jordan and Golden Trust Deed are debtors in this case, are DIP, or are co-debtors of DIP.

Moreover, nothing in the Blanket Deed of Trust changes the fact that Lewis Hanson's two foreclosures involve non-debtor and non-DIP grantors and relate to real property that is not owned by DIP and is not property of the DIP's bankruptcy estate. The cross-collateralization provision in the Blanket Deed of Trust does not create any interest of the DIP in the Hwy. 126

**SAALFELD GRIGGS PC**
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070 FAX: (503) 371-2927

4844-2843-8132, v. 1

Real Property or the Jordan and Golden Real Property. The Blanket Deed of Trust does not include the Hwy. 126 Promissory Note or the Hwy. 126 Trust Deed at all. In addition, the Blanket Deed of Trust does not grant any interest in the Jordan and Golden Real Property to DIP. Importantly, Lewis Hanson is not asking for relief from stay to foreclose the Blanket Deed of Trust, and the only properties impacted by Lewis Hanson's two current foreclosures are not owned by DIP and are not property of the DIP's bankruptcy estate. As such, the fact that the Blanket Deed of Trust incorporates the Jordan and Golden Trust Deed and the Jordan and Golden Real Property has no impact on this Motion.

As such, Lewis Hanson is entitled to an Order granting Lewis Hanson relief from DIP's automatic stay to continue the non-judicial foreclosure sales of the Hwy. 126 Real Property and the Jordan and Golden Real Property pursuant to the terms of the Hwy. 126 Trust Deed, the Jordan and Golden Trust Deed and applicable law.

## CONCLUSION

Lewis Hanson is entitled to relief from automatic stay to continue pursuing foreclosure proceedings against the Hwy. 126 Real Property and the Jordan and Golden Real Property.

Dated this 3rd day of October, 2018.

SAALFELD GRIGGS PC

By    /s/ Erich M. Paetsch
      Erich M. Paetsch, OSB No. 993350
      epaetsch@sglaw.com
      Of Attorneys for Creditor Lewis Hanson
      and Company, Inc.

PAGE 6 – CREDITOR LEWIS HANSON AND COMPANY, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

SAALFELD GRIGGS PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070 FAX: (503) 371-2927

4844-2843-8132, v. 1

Case 18-32265-tmb11    Doc 137    Filed 10/03/18

**Exhibit A**
Legal Description of Jordan and Golden Real Property

PARCEL ONE:

The North Half (N½) of Section Thirteen (13) all in Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon,

EXCEPTING THEREFROM a portion of the Southwest Quarter of the Northwest Quarter (SW¼NW¼) of Section Thirteen (13), described as follows:

Beginning at a point on the Section line between Sections Thirteen (13) and Fourteen (14), South 0°38'54" East, 1581.85 feet from the Northwest corner of Section 13 and running thence South 0°38'54" East, 361.5 feet; thence South 67°48'54" East, 361.5 feet; thence North 0°38'54" West, 361.5 feet to the South side of Jordan Road; thence North 67°48'54" West, 361.5 feet along the South side of Jordan Road to the point of beginning.

ALSO EXCPETING THEREFROM that portion lying within the right of way of Cloverdale Road, Slayton Road and Jordan Road.

PARCEL TWO:

Lots One Hundred One (101), One Hundred Six (106), One Hundred Sixteen (116) and One Hundred Seventeen (117), GOLF COURSE ESTATES AT ASPEN LAKES PHASE 4, recorded December 3, 2004, in Cabinet G, Page 543, Deschutes County, Oregon.

SAALFELD GRIGGS PC
LAWYERS
PO BOX 470 SALEM OR 97308-0470 TEL: (503) 399-1070 FAX: (503) 371-2927

4844-2843-8132, v. 1

20792 1AM

AFTER RECORDING RETURN TO:
Erich M. Paetsch, OSB 993350
Saalfeld Griggs PC
P. O. Box 470
Salem, Oregon 97308-0470
Telephone: (503) 399-1070

Deschutes County Official Records **2018-023278**
M-DEF
Stn=1 BN                                   06/06/2018 12:12:00 PM
$25.00 $11.00 $10.00 $61.00 $6.00                   **$113.00**

I, Nancy Blankenship, County Clerk for Deschutes County, Oregon,
certify that the instrument identified herein was recorded in the Clerk
records.
                              Nancy Blankenship - County Clerk

## NOTICE OF DEFAULT AND ELECTION TO SELL

On information and belief, the Trust Deed described herein is a **Commercial Trust Deed**, and is therefore not subject to the requirements of a Residential Trust Deed as defined in ORS 86.705(6) on the date of recordation. This Notice of Default is not subject to the mandatory mediation requirements applicable to residential trust deeds being foreclosed in Oregon after July 11, 2012.

Reference is made to that certain Deed of Trust (hereinafter *"Trust Deed"*) made by Keith Cyrus and Connie Cyrus also known as Conida E. Cyrus, as tenants by the entirety, as Grantors, to James H. Jordan, Attorney, as Trustee, in favor of Lewis Hanson and Company, Inc., Trustee for the Cyrus Parcels 5 & 6 Loan, as Beneficiary, dated November 2, 2009, recorded November 4, 2009, in the mortgage records of Deschutes County, Oregon as Document No. 2009-46734, and covering the following described real property situated in the above-mentioned county and state, to wit:

> Lots Four (4), Five (5), Six (6) and Seven (7), in Section Six (6), Township Fifteen (15) South, Range Eleven (11), East of the Willamette Meridian, Deschutes County, Oregon.

> Property Tax Account Nos.:     133931, 253550 & 133932.

Real property or its address is commonly known as 17204 Highway 126, Sisters, OR 97759 (the *"Real Property"*). Note that located on the Real Property may be one or more manufactured structures or mobile homes. Unless these improvements have been formally made a part of the Real Property, under Oregon law they are excluded from the Real Property and not part of this foreclosure.

The undersigned hereby disclaims any liability for any incorrectness of the above-described street address or other common designation.

The undersigned as successor trustee hereby certifies that no assignments of the Trust Deed by the Trustee or by the Beneficiary and no appointments of a successor trustee have been made except as recorded in the mortgage records of the county or counties in which the above-described Real Property is situated together with appointing Saalfeld Griggs PC as the current successor trustee; further, that no action has been instituted to recover the debt, or any part thereof, now remaining secured by the Trust Deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.752(7).

There is a default by the Grantors or other person owing an obligation, the performance of which is secured by the Trust Deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision; the default for which foreclosure is made is Grantors' failure to pay when due the following sums:

Recorded by AmeriTitle as an
accommodation only. No liability
is accepted for the condition of
title or for the validity, sufficiency,
or effect of this document.

NOTICE OF DEFAULT (CYRUS PARCELS 5 AND 6 LOAN)

4841-3683-2857, v. 1

Return to: 
AmeriTitle

1

© 2018 SGLaw. All Rights Reserved.

**Cyrus Parcels 5 and 6 Loan:**

Grantors' failure to make full regular monthly payments as of October 4, 2012 and each month thereafter pursuant to the terms of the Trust Deed securing that certain Promissory Note dated November 2, 2009 and referenced therein (**"Promissory Note"**) and the supporting Related Documents as defined in the Trust Deed;

Grantors are further in default for failure to timely pay when due property taxes due and owing to the Deschutes County Tax Collector upon the Real Property, as required in the Trust Deed, for the following:

Account No. 133931: tax years 2016-2017, totaling $1,708.40, as of November 20, 2017;

Account No. 253550: tax years 2016-2017, totaling $299.53, as of November 20, 2017; and

Account No. 133932: tax years 2016-2017, totaling $245.26, as of November 20, 2017.

The existing payment defaults consist of a failure to timely make full regular monthly payments and the current payment default amounts owing upon the Promissory Note, as of May 19, 2018, are:

| | |
|---|---|
| Outstanding (INTEREST) payment balance: | $343,551.16 |
| Late charges: | $ 31,972.50 |
| Attorney Fees: | $ 1,075.68 |
| Total: | $376,599.34 |

By reason of these defaults, the current Beneficiary has and does hereby declare all sums owing on the Promissory Note secured by the Trust Deed immediately due and payable, those sums being the following, to wit:

| | |
|---|---|
| Principal Balance: | $464,991.43 |
| Accrued Interest: | $343,551.16 |
| Late Charges: | $ 31,972.50 |
| Attorney Fees: | $ 1,075.68 |
| Total: | $841,590.77* |

*Total does not include accrued interest at the rate of $180.83 per diem from May 20, 2018 until paid, additional late charges, expenditures, or trustee fees, and attorney fees and costs. A total payoff amount as of a specific date is available upon written request to the successor trustee.

The Beneficiary under the Promissory Note and Deed of Trust has informed the trustee that both are commercial in nature and were obtained for investment purposes.

Notice hereby is given that the current beneficiary and successor trustee, by reason of the default(s), have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale

© 2018 SGLaw. All Rights Reserved.

pursuant to ORS 86.705 to 86.990, and to cause to be sold at public auction to the highest bidder for cash the interest in the Real Property without warranty, express or implied, which the Grantors had, or had the power to convey, at the time of the execution by Grantors of the Trust Deed, together with any interest the Grantors or Grantors' successor in interest acquired after the execution of the Trust Deed, to satisfy the Note secured by the Trust Deed and the expenses of the sale, including the compensation of the successor trustee as provided by law, and the reasonable fees of successor trustee's attorneys.

The sale will be held at the hour of **10:15 a.m.** in accord with the standard of time established by ORS 187.110 on **FRIDAY, OCTOBER 12, 2018** at the following place: at the Front Entrance of the Deschutes County Courthouse, 1100 NW Bond Street, in the City of Bend, County of Deschutes, State of Oregon, which is the hour, date and place last set for the foreclosure sale. The successor trustee intends to foreclose upon the Real Property described above.

Notice is further given that any person named in ORS 86.778 has the right, at any time not later than five days before the date last set for the foreclosure sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by paying the entire amount then due (other than such portion of the principal as would not then be due had no default occurred), together with costs, expenditures, trustee's fees and attorney fees and costs, and by curing any other default(s) complained of in this Notice of Default, that is capable of being cured by tendering the performance required under the Note or Trust Deed.

Finally, notice is hereby given that without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

Other than as shown of record, neither the current beneficiary nor the successor trustee has any actual notice of any person having or claiming to have any lien upon or interest in the Real Property subsequent to the interest of the successor trustee in the Trust Deed, or of any successor in interest to the Grantors or of any lessee or other person in possession of or occupying the property, except:

| | |
|---|---|
| Keith Cyrus aka Omer Keith Cyrus<br>17204 Highway 126<br>Sisters, OR 97759 | Grantors |
| Conida E. Cyrus aka Connie Cyrus<br>17204 Highway 126<br>Sisters, OR 97759 | Grantors |
| Occupant(s)<br>17204 Highway 126<br>Sisters, OR 97759 | Occupant(s) |

| | |
|---|---|
| Aspen Lakes Golf Course, L.L.C.<br>16900 Aspen Lakes Drive<br>Sisters, OR 97759<br><br>Aspen Lakes Golf Course, L.L.C.<br>c/o Matt K. Cyrus, Registered Agent<br>16900 Aspen Lakes Drive<br>Sisters, OR 97759 | Lessee |
| Howard M. Levine<br>Sussman Shank LLP<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205 | |
| Mountain Valley Arena, LLC<br>68020 Cloverdale Road<br>Sisters, OR 97759<br><br>Mountain Valley Arena, LLC<br>51484 Ash Road<br>La Pine, OR 97739<br><br>Mountain Valley Arena, LLC<br>Attn: Steven K. Chappell, Registered Agent<br>716 NW Harriman<br>Bend, OR 97701 | |
| Alvie M. Coffman<br>1601 SW Reindeer Avenue<br>Redmond, OR 9775<br><br>Berlie E. Coffman<br>735 NW Greenwood Avenue, Space 17<br>Redmond, OR 97756 | |

Pursuant to ORS 86.786, not later than 15 days before the sale date specified herein, the trustee shall provide a statement of information upon receipt of a written request from any interested party.

In construing this notice, the singular includes the plural, the word "Grantors" includes any successor in interest to the Grantors as well as any other person owing an obligation, the performance of which is secured by the Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

© 2018 SGLaw. All Rights Reserved.

The mailing address for the successor trustee, as referenced herein, is as follows:

Erich M. Paetsch, OSB 993350, Vice President of Successor Trustee
Saalfeld Griggs, P.C, Successor Trustee
P.O. Box 470
Salem, OR 97308-0470
Trustee's Telephone Number: 503-399-1070

DATED: This 5th day of June, 2018.

SAALFELD GRIGGS PC, SUCCESSOR TRUSTEE

By: Erich M. Paetsch, OSB 993350
Its: Vice President

STATE OF OREGON, County of Marion) ss.

This instrument was acknowledged before me on this 5th day of June, 2018, by Erich M. Paetsch, Vice President for Saalfeld Griggs, P.C., Successor Trustee.

OFFICIAL STAMP
KRISTA LYNN TATE
NOTARY PUBLIC – OREGON
COMMISSION NO. 941959
MY COMMISSION EXPIRES AUGUST 19, 2019

Notary Public – State of Oregon

ST 119165 sm 153 - 1

RECORDATION REQUESTED BY:

DESCHUTES COUNTY OFFICIAL RECORDS **2009-46734**
NANCY BLANKENSHIP, COUNTY CLERK

$153.00

00698033200800467340180188

11/04/2009 11:25:07 AM

M-DT Cnt=1 Stn=1 BECKEYN
$90.00 $11.00 $20.00 $10.00 $6.00 $16.00

WHEN RECORDED MAIL TO:

Lewis Hanson and Company, Inc.
P. O. Box 766
Albany OR 97321

**SEND TAX NOTICES TO:**

Lewis Hanson and Company, Inc.
P. O. Box 766
Albany OR 97321

# DEED OF TRUST

THIS DEED OF TRUST is dated, NOVEMBER ___2___, 2009 between, KEITH CYRUS and CONNIE CYRUS, as tenants by the entirety and CONNIE L. CYRUS, whose address 16900 ASPEN LAKES DRIVE, SISTERS, OR 97759 ("Grantor"); LEWIS HANSON AND COMPANY, INC., TRUSTEE FOR CYRUS PARCELS 5 & 6 LOAN, whose address is P. O. BOX 766, ALBANY OR 97321 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and JAMES H. JORDAN, Attorney, whose address is P.O. BOX 983, ALBANY OR 97321 (referred to below as "Trustee"). **also known as Conida E. Cyrus**

CONVEYANCE AND GRANT. For valuable consideration, represented in the Note dated, NOVEMBER ___2___ 2009, in the original principal amount of **FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00)**, from Borrower to Lender, Grantor conveys to Trustee for the benefit of Lender as Beneficiary all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances, all water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar materials, (the "Real Property") located in DESCHUTES County, State of Oregon; described as follows:

Lots Four (4), Five (5), Six (6) and Seven (7), in Section Six (6), Township Fifteen (15) South, Range Eleven (11), East of the Willamette Meridian, Deschutes County, Oregon.

The Real Property or its address is commonly known as 17204 Highway 126, Sisters, OR 97759 .

CROSS-COLLATERALIZATION. In addition to the Note, this Deed of Trust secures all obligations, debts and liabilities, plus interest thereon, of Borrower to Lender, or any one or more of them, as well as all claims by Lender against Borrower or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS: GRANTOR'S REPRESENTATIONS AND WARRANTIES. Grantor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court judgment, decree or

Page 1 - Deed of Trust

Case 18-32265-tmb11    Doc 137    Filed 10/03/18

Exhibit B
Page 1 of 13

order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**GRANTOR'S WAIVERS.** Grantor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Grantor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Note, this Deed of Trust and any and all Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY:** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; (3) collect the Rents from the Property. The following provisions relate to the use of the Property or to other limitations on the Property. THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

> **Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

> **Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

> **Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

Page 2 - Deed of Trust

Exhibit B
Page 2 of 13

**Removal of Improvements.** Grantor shall not demolish or remove any improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such improvements with improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's Compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon nor to leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than one year, lease-option, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such is prohibited by federal law or by Oregon law.

**TAXES AND LIENS.** The following provisions relating to taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessment and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, material men's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

Page 3 - Deed of Trust

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable replacement value covering all improvements on the Real Property in an amount to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverage's and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverage's will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's sole election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair, Lender at its sole option, may hold insurance proceeds and distribute them directly to any contractors or anyone else that makes improvements upon the real property after a damage or loss. In the event, upon making improvements to the real property from insurance funds paid to Lender and/or Grantor(s), any overage, i.e., amounts remaining in excess of the actual cost to replace improvements and fixtures (excluding any labor provided by Grantor(s) personally), shall, at the discretion of the Lender, be applied toward the principal balance and/or any other amounts past due and then owing. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the indebtedness.

**Compliance with Existing Indebtedness.** During the period in which any existing indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such existing indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the existing indebtedness.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, (C) to make repairs to the Property or to comply with any obligation to maintain existing indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate of eighteen (18%) percent per annum from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of the applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the existing indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

Page 4 - Deed of Trust

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such action or proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's indebtedness is paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning existing indebtedness are a part of this Deed of Trust:

**Existing Lien.** The lien of this Deed of Trust securing the indebtedness may be secondary and inferior to an existing lien. Grantor expressly covenants and agrees to pay, or see to the payment of, the existing indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**No Modification.** Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement, which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust.

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording and registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the indebtedness or on payments of principal and interest made by Borrower.

Page 5 - Deed of Trust

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust.

**THIS DOCUMENT CONSTITUTES A FIXTURE FILING THAT WILL HAVE AN EFFECTIVE PERIOD UNTIL THIS DEED OF TRUST IS RECONVEYED OR SATISFIED OF RECORD OR ITS EFFECTIVENESS OTHERWISE TERMINATES REGARDING THE PROPERTY IN ACCORDANCE WITH ORS 79.0515(7).**

**Granting Clause.** All of Grantor's interest in and to all fixtures and property now or hereafter attached to or used in the operation of the Property including, but not limited to, heating and incinerating apparatus and equipment; boilers; engines; motors; dynamos; generating equipment; telephone and other communication systems; piping and plumbing fixtures; ranges, cooking apparatus, and mechanical kitchen equipment; refrigerators, cooling, ventilating, sprinkling, and vacuum cleaning systems; fire-extinguishing apparatus; gas and electrical fixtures; irrigation equipment; carpeting; under-padding; elevators; escalators; partitions, mantels; built-in mirrors; window shades, blinds, screens, storm sashes, and awnings; furnishings of public spaces, halls, and lobbies; and shrubbery and plants; and all renewals or replacements of them or articles in substitution for them. All property mentioned in this subsection will be deemed part of the realty and not severable either wholly or in part without material injury to the Property.

**Fixture Filing.** The recording of this Deed of Trust will be effective as a financing statement filed as a fixture filing with respect to all fixtures included within the Property and is to be recovered with the appropriate authority where the Property (including fixtures) is situated.

**Effective Fixture Filing Date.** This fixture filing will have an effective period until this Deed of Trust is reconveyed or satisfied of record or its effectiveness otherwise terminates as to the Property.

**Fixtures and Personal Property.** With respect to any fixtures or personal property subject to a security interest in favor of Beneficiary, Beneficiary may exercise any and all of the right and remedies of a secured party under the Oregon Uniform Commercial Code.

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall execute financing statements and take whatsoever other action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** This mailing address of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or prerecorded, as the case may be, at such times and in such offices and places as Lender may

Page 6 - Deed of Trust

deem appropriate, any and all such mortgages, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matter referred to in this paragraph.

**Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower pays all the indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law.

**EVENTS OF DEFAULT.** At Lender's option, Grantor will be in default under this Deed of Trust if any of the following happen:

**Payment Default.** Borrower fails to make any payment when due under the indebtedness. Failure to make any payment includes, but is not limited to, failure to make any payment under the terms of the Promissory Note signed by the borrower inclusive of any late penalties or any other amounts payable thereunder.

**Break Other Promises.** Borrower or Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Deed of Trust or in any agreement related to this Deed of Trust.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents. If such a failure is curable and if Borrower or Grantor has not been given a notice of breach of the same provisions of this Deed of Trust within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if Borrower or Grantor, after Lender sends written notice demanding cure of such failure: (a) cures the failure within thirty (30) days; or (b) if the cure requires more than thirty (30) days, immediately indicates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Borrower's or any Grantor's ability to repay the indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor or any other credit or person that may materially affect any of Grantor's property or Borrower's or any Grantor's ability to repay the indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Deed of Trust of the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

Page 7 - Deed of Trust

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Borrower's or Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Borrower's or Grantor's account with Lender. However, if Borrower or Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Borrower or Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Borrower or Grantor under the terms of any other agreement between Borrower or Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower or Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guarantor of the indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Existing Indebtedness.** The payment of any installment or principal or any interest on the existing indebtedness is not made within the time required by the promissory note evidencing such indebtedness, or a default occurs under the instrument securing each indebtedness and is not cured during any applicable grace period in such instrument, or any suit or other action is commenced to foreclose any existing lien on the Property.

**Right to Cure.** If such a failure is curable and if Borrower or Grantor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if Borrower or Grantor, after Lender sends written notice demanding cure of such failure: (a) cures the failure within thirty (30) days; or (b) if the cure requires more than thirty (30) days, immediately initiates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Deed of Trust, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor to declare the entire indebtedness immediately due and payable, including any prepayment penalty, which Borrower would be required to pay.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclosure by notice and sale, and Lender shall have the right to foreclosure by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law. If this Deed of Trust is foreclosed by judicial foreclosure, Lender will be entitled to a judgment, which will provide that if the foreclosure sale proceeds are insufficient to satisfy the judgment, execution may issue for the amount of the unpaid balance of the judgment.

**UCC Remedies.** With respect to all of any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the indebtedness. In furtherance of this right, Lender may require any tenant or other user of the

Page 8 - Deed of Trust

Exhibit B
Page 8 of 13

Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the indebtedness. The receiver may serve without bond if permitted by law. Lenders right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other indented disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least fifteen (15) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waive any and all rights to have the Property marshaled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum, as the court may adjudge reasonable as attorneys' fees at trial upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the rate of eighteen (18%) percent per annum from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the power and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all power of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) to join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

Page 9 - Deed of Trust

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instruments executed and acknowledged by Lender and recorded in the office of the recorder of  DESCHUTES  County, State of Oregon. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page or register number where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** What is written in this Deed of Trust and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Deed of Trust. To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.
**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by and interpreted in accordance with federal law and the laws of the State of Oregon.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit the jurisdiction of the courts of LINN County, State of Oregon.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Grantor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does not agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Deed of Trust. Grantor also understands that if Lender does not consent to a request that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest and notice of dishonor.

**Severability.** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or enforceable.

Page 10 - Deed of Trust

Exhibit B
Page 10 of 13

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon the inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the indebtedness by way of forbearance or extension without releasing Grantor from the obligations of the Deed of Trust of liability under the indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all right and benefits of the homestead exemption laws of the State of Oregon as to all indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.** The word "Beneficiary" means **LEWIS HANSON AND COMPANY, INC. TRUSTEE FOR CYRUS PARCELS 5 & 6 LOAN,** and its successors and assigns.

**Borrower.** The word "Borrower" means ~~KEITH CYRUS and CONNIE CYRUS,~~ **\*\*** as tenants by the entirety ~~and/~~ ~~CONIDA/E. CYRUS/~~ and includes all co-signers and co-makers signing the Note. **\*\*also known as Conida E. Cyrus\*\***

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., regulations adopted pursuant thereto or intended to protect human health or the environment.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of the Deed of Trust.

**Grantor.** The word "Grantor" means ~~KEITH CYRUS and CONNIE CYRUS, as tenants by the entirety and/CONIDA/E. CYRUS/~~ **\*\*** **\*\* also known as Conida E. Cyrus.\*\***

**Hazardous Substances.** The words "Hazardous Substances" means materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause, pose or present potential hazards to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials, or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum, including crude oil and any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and all other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. Specifically, without limitation, indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Deed of Trust.

Page 11 - Deed of Trust

**Lender.** The word "Lender" means <u>LEWIS HANSON AND COMPANY, INC. TRUSTEE FOR CYRUS PARCELS 5& 6 LOAN</u>, its successors and assigns. The words "successors and assigns" means any person or company that acquires any interest in the Note.

**Note.** The word "Note" means the promissory note dated <u>NOVEMBER   2 ,2009</u>, in the original principal amount of $<u>500,000.00</u> from the Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the promissory note or agreement. The maturity dated of the Note is <u>NOVEMBER   2   </u>, 2019.

**Personal Property.** The words "Real Property" means collectively the Real Property and the Personal Property.

**Property.** The word "Property" means the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" means all promissory notes, credit agreements, loan agreements, environmental agreements, indemnity agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.** The word "Trustee" means <u>JAMES H. JORDAN, Attorney</u>, whose address is <u>P. O. BOX 983, ALBANY OR 97321</u>, and any substitute or successor trustees.

**EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS.**

GRANTOR:

By: _____  11/2/09          By: _____  11/2/09
KEITH CYRUS            DATE                    CONIDA E. CYRUS        DATE
(aka: OMER KEITH CYRUS)                        (aka: CONNIE CYRUS)

ACKNOWLEDGMENT

STATE OF OREGON          )
                         ) ss.
County of  DESCHUTES     )

On this _____2____ day of <u>NOVEMBER</u>, 2009, before me, the undersigned Notary Public, personally appeared <u>KEITH CYRUS (aka: OMER KEITH CYRUS) and CONIDA E. CYRUS (aka:CONNIE CYRUS)</u>, who acknowledge the foregoing to be their free and voluntary act and deed.

By: _____          My Commission Expires:   07-22-11
Notary Public for the State of Oregon

OFFICIAL SEAL
SHELLEY MARSH
NOTARY PUBLIC-OREGON
COMMISSION NO. 418664
MY COMMISSIC I EXPIRES JULY 22, 2011

Page 12 - Deed of Trust

## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and hold of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____.

Date: _____    Beneficiary: _____

**Page 13 - Deed of Trust**

**DO NOT DESTROY THIS NOTE: When paid, this note and the deed of trust securing this note, must be surrendered to the trustee for cancellation before reconveyance will be made.**

## PROMISSORY NOTE

**$500,000.00**                                   Date: **NOVEMBER  2  , 2009**

FOR VALUE RECEIVED, the undersigned promises to pay to the order of **LEWIS HANSON AND COMPANY, INC., TRUSTEE FOR CYRUS PARCEL 5 & 6 LOAN** at P. O. Box 766, Albany, Oregon, or at such other place as the holder hereof may from time to time designate in writing, the sum of **FIVE HUNDRED THOUSAND AND NO/DOLLARS ($500,000.00)**, with interest thereon from the date of funding, **NOVEMBER  4  , 2009**, at the rate of  **9.0**  percent per annum until paid, payable as follows:

In monthly installments of not less than **$ 5,075.00**, including interest. The first payment is to be made on the  _4th_  day of  **DECEMBER , 2009**  and a like payment on the same day of every month thereafter until **NOVEMBER  4  , 2019**  when the entire unpaid balance of both principal and interest shall be paid in full.

Interest shall be computed on a 360-day basis. That is, one day shall be deemed to be one 360th of 1 year, one month shall be deemed to be 30 days in length, and one year shall be deemed to be 360 days.

In the event this note shall be in default for a period of ten (10) days or more, the holder of this note will assess a late charge equal to ten percent (10%) of each past due installment. The late charge shall be paid on demand, and the holder reserves the right to refuse any late payment unless accompanied by such late charge. The late charge will be deemed to have accrued as of noon on the tenth day. If payment not received by noon on the tenth day, the late charge shall be deemed accrued and payable in full. In addition, in the event this note shall be in default for a period of twenty (20) days or more, the interest rate on the unpaid balance shall increase by five percent (5%) per annum commencing on the installment due date and continuing for the period of default. A surcharge equal to ten percent (10%) of each past due installment will be assessed in addition to the late charge when the note is in default for twenty (20) days or more. The surcharge shall be paid on demand, and the holder reserves the right to refuse any late payment unless accompanied by such surcharge.

Page 1     PROMISSORY NOTE

Exhibit C
Page 1 of 2

All payments shall be applied first to late charges, if any, then to interest, then to principal. If any installment is not so paid, the whole sum of principal and interest shall become immediately due and collectible at the option of the holder of this note.

If this note is placed in the hands of an attorney for collection, including any efforts relating to issues peculiar to federal bankruptcy, the undersigned agrees to pay the reasonable fee and expense of such attorney even though no suit or action is instituted or no sale of the property has been directed under the terms of the trust deed securing this obligation. Such fees and costs may, at the option of the holder, be added to the principal balance of this note. In case suit or action is instituted to collect this note, or in relation to any issue peculiar to federal bankruptcy, the undersigned promises to pay such additional sum as the trial court may adjudge reasonable as attorney fees and paralegal fees in said suit or action, and any appellate court upon appeal in such suit or action. Such sums shall include an amount estimated by the court or the arbitrator as the reasonable costs and fees to be incurred by the prevailing party in collecting any monetary judgment or award or otherwise in enforcing any order, judgment or decree entered in such suit, action, arbitration or other proceeding.

O. KEITH CYRUS    DATE      CONIDA E. CYRUS    DATE
Individually                Individually

MATTHEW K. CYRUS    DATE      KELLY K. CYRUS    DATE
Individually                Individually

PAMELA K. MITCHELL    DATE      SYKES R. MITCHELL    DATE
Individually                Individually

Page 2    PROMISSORY NOTE

Exhibit C
Page 2 of 2

148390

AFTER RECORDING RETURN TO:
Erich M. Paetsch, OSB 993350
Saalfeld Griggs PC
P. O. Box 470
Salem, Oregon 97308-0470
Telephone: (503) 399-1070

Deschutes County Official Records **2018-023274**
M-DEF
Stn=1 BN          06/06/2018 12:05:00 PM
$40.00 $11.00 $10.00 $61.00 $6.00          **$128.00**

I, Nancy Blankenship, County Clerk for Deschutes County, Oregon,
certify that the instrument identified herein was recorded in the Clerk
records.
Nancy Blankenship - County Clerk

### NOTICE OF DEFAULT AND ELECTION TO SELL

On information and belief, the Trust Deed described herein is a Commercial Trust Deed, and is therefore not subject to the requirements of a Residential Trust Deed as defined in ORS 86.705(6) on the date of recordation. This Notice of Default is not subject to the mandatory mediation requirements applicable to residential trust deeds being foreclosed in Oregon after July 11, 2012.

Reference is made to that certain Deed of Trust (hereinafter *"Trust Deed"*) made by O. Keith Cyrus and Conida E. Cyrus, tenants in common, as to Parcel 1, and Matthew K. Cyrus, O. Keith Cyrus and Pamela K. Cyrus, as to Parcel 2, as Grantors, to James H. Jordan, as Trustee, in favor of Lewis Hanson and Company, Inc., Trustee for Cyrus Farm Loan, as Beneficiary, dated July 21, 2008, recorded July 22, 2008, in the mortgage records of Deschutes County, Oregon as Document No. 2008-30825, and covering the following described real property situated in the above-mentioned county and state, to wit:

See *Exhibit A* attached hereto.

Property Tax Account Nos.:     Parcel 1: 162639

Parcel 2: 246862 (Lot 101); 246857 (Lot 106); 246847 (Lot 116); 246845 (Lot 117); and 253558.

Real property or its address is commonly known as 16850 Jordan Road; and 17037, 16947, 16827, 16856 Golden Stone Drive, Sisters, OR 97759 (the *"Real Property"*).

The undersigned hereby disclaims any liability for any incorrectness of the above-described street addresses or other common designation.

The undersigned as successor trustee hereby certifies that no assignments of the Trust Deed by the Trustee or by the Beneficiary and no appointments of a successor trustee have been made except as recorded in the mortgage records of the county or counties in which the above-described Real Property is situated together with appointing Saalfeld Griggs PC as the current successor trustee; further, that no action has been instituted to recover the debt, or any part thereof, now remaining secured by the Trust Deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.752(7).

There is a default by the Grantors or other person owing an obligation, the performance of which is secured by the Trust Deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision; the default for which foreclosure is made is grantors' failure to pay when due the following sums:

Recorded by AmeriTitle as an
accommodation only. No liability
is accepted for the condition of
title or for the validity, sufficiency,
or effect of this document.

NOTICE OF DEFAULT (CYRUS FARM LOAN)          Return to: 

4813-6420-1049, v. 1

© 2018 SGLaw.  All Rights Reserved.

1

148390

AFTER RECORDING RETURN TO:
Erich M. Paetsch, OSB 993350
Saalfeld Griggs PC
P. O. Box 470
Salem, Oregon 97308-0470
Telephone: (503) 399-1070

Recorded Electronically
ID 2018-023274
County Deschutes
Date 6/6/18 Time 12:05pm
Simplifile.com 800.460.5657

---

### NOTICE OF DEFAULT AND ELECTION TO SELL

On information and belief, the Trust Deed described herein is a Commercial Trust Deed, and is therefore not subject to the requirements of a Residential Trust Deed as defined in ORS 86.705(6) on the date of recordation. This Notice of Default is not subject to the mandatory mediation requirements applicable to residential trust deeds being foreclosed in Oregon after July 11, 2012.

Reference is made to that certain Deed of Trust (hereinafter *"Trust Deed"*) made by O. Keith Cyrus and Conida E. Cyrus, tenants in common, as to Parcel 1, and Matthew K. Cyrus, O. Keith Cyrus and Pamela K. Cyrus, as to Parcel 2, as Grantors, to James H. Jordan, as Trustee, in favor of Lewis Hanson and Company, Inc., Trustee for Cyrus Farm Loan, as Beneficiary, dated July 21, 2008, recorded July 22, 2008, in the mortgage records of Deschutes County, Oregon as Document No. 2008-30825, and covering the following described real property situated in the above-mentioned county and state, to wit:

> See *Exhibit A* attached hereto.

> Property Tax Account Nos.:    Parcel 1: 162639

> Parcel 2: 246862 (Lot 101); 246857 (Lot 106); 246847 (Lot 116); 246845 (Lot 117); and 253558.

Real property or its address is commonly known as 16850 Jordan Road; and 17037, 16947, 16827, 16856 Golden Stone Drive, Sisters, OR 97759 (the *"Real Property"*).

The undersigned hereby disclaims any liability for any incorrectness of the above-described street addresses or other common designation.

The undersigned as successor trustee hereby certifies that no assignments of the Trust Deed by the Trustee or by the Beneficiary and no appointments of a successor trustee have been made except as recorded in the mortgage records of the county or counties in which the above-described Real Property is situated together with appointing Saalfeld Griggs PC as the current successor trustee; further, that no action has been instituted to recover the debt, or any part thereof, now remaining secured by the Trust Deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.752(7).

There is a default by the Grantors or other person owing an obligation, the performance of which is secured by the Trust Deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision; the default for which foreclosure is made is grantors' failure to pay when due the following sums:

Recorded by AmeriTitle as an accommodation only. No liability is accepted for the condition of title or for the validity, sufficiency, or effect of this document.

NOTICE OF DEFAULT *(CYRUS FARM LOAN)*

Return to:  AmeriTitle

4813-6420-1049, v. 1

© 2018 SGLaw. All Rights Reserved.

1

**Cyrus Farm Loan:**

Grantors' failure to make full regular monthly payments as of August 22, 2011 and each month thereafter pursuant to the terms of the Trust Deed securing that certain Promissory Note dated July 21, 2008 and referenced therein (*"**Promissory Note**"*) and the supporting Related Documents as defined in the Trust Deed;

Grantors are further in default for failure to timely pay when due property taxes due and owing to the Deschutes County Tax Collector upon the Real Property, as required in the Trust Deed, for the following:

> Account No. 162639: tax years 2016-2017, totaling $1,228.59, as of November 20, 2017;

> Account No. 246847: tax years 2016-2017, totaling $2,837.70, as of November 20, 2017;

> Account No. 246845: tax years 2016-2017, totaling $3,957.69, as of November 20, 2017;

> Account No. 246857: tax years 2016-2017, totaling $2,940.93, as of November 20, 2017;

> Account No. 246862: tax years 2016-2017, totaling $2,906.62, as of November 20, 2017; and

> Account No. 253558: tax years 2016-2017, totaling $778.90, as of November 20, 2017.

The existing payment defaults consist of a failure to timely make full regular monthly payments and the current payment default amounts owing upon the Promissory Note, as of May 19, 2018, are:

| | |
|---|---|
| Outstanding (INTEREST) payment balance: | $311,226.76 |
| Late charges: | $ 31,027.50 |
| Attorney Fees and Costs: | $ 4,046.24 |
| Total: | $ 346,300.50 |

By reason of these defaults, the current Beneficiary has and does hereby declare all sums owing on the Promissory Note secured by the Trust Deed immediately due and payable, those sums being the following, to wit:

| | |
|---|---|
| Principal Balance: | $441,717.46 |
| Accrued Interest: | $311,226.76 |
| Late Charges: | $ 31,027.50 |
| Attorney Fees and Costs: | $ 4,046.24 |
| Total: | $788,017.96* |

© *2018 SGLaw. All Rights Reserved.*

*Total does not include accrued interest at the rate of $165.6440 per diem from May 20, 2018 until paid, additional late charges, expenditures, or trustee fees, and attorney fees and costs. A total payoff amount as of a specific date is available upon written request to the successor trustee.

Upon information and belief, the Beneficiary under the Promissory Note and Deed of Trust hereby notes that both are commercial in nature and were obtained for investment purposes.

Notice hereby is given that the current beneficiary and successor trustee, by reason of the default(s), have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.990, and to cause to be sold at public auction to the highest bidder for cash the interest in the Real Property without warranty, express or implied, which the Grantors had, or had the power to convey, at the time of the execution by Grantors of the Trust Deed, together with any interest the Grantors or Grantors' successor in interest acquired after the execution of the Trust Deed, to satisfy the Note secured by the Trust Deed and the expenses of the sale, including the compensation of the successor trustee as provided by law, and the reasonable fees of successor trustee's attorneys.

The sale will be held at the hour of **10:00 a.m.** in accord with the standard of time established by ORS 187.110 on **FRIDAY, OCTOBER 12, 2018** at the following place: at the Front Entrance of the Deschutes County Courthouse, 1100 NW Bond Street, in the City of Bend, County of Deschutes, State of Oregon, which is the hour, date and place last set for the foreclosure sale. The successor trustee intends to foreclose upon the Real Property described above.

Notice is further given that any person named in ORS 86.778 has the right, at any time not later than five days before the date last set for the foreclosure sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by paying the entire amount then due (other than such portion of the principal as would not then be due had no default occurred), together with costs, expenditures, trustee's fees and attorney fees and costs, and by curing any other default(s) complained of in this Notice of Default, that is capable of being cured by tendering the performance required under the Note or Trust Deed.

Notice is hereby further given that without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.

Other than as shown of record, neither the current beneficiary nor the successor trustee has any actual notice of any person having or claiming to have any lien upon or interest in the Real Property subsequent to the interest of the successor trustee in the Trust Deed, or of any successor in interest to the Grantors or of any lessee or other person in possession of or occupying the property, except:

| | |
|---|---|
| O. Keith Cyrus aka Omer Keith Cyrus<br>17204 Highway 126<br>Sisters, OR 97759<br><br>O. Keith Cyrus aka Omer Keith Cyrus<br>16850 Jordan Road<br>Sisters, OR 97759 | Grantor |

© 2018 SGLaw. All Rights Reserved.

| | |
|---|---|
| O. Keith Cyrus aka Omer Keith Cyrus<br>17037 Golden Stone Drive<br>Sisters, OR 97759<br><br>O. Keith Cyrus aka Omer Keith Cyrus<br>16947 Golden Stone Drive<br>Sisters, OR 97759<br><br>O. Keith Cyrus aka Omer Keith Cyrus<br>16827 Golden Stone Drive<br>Sisters, OR 97759<br><br>O. Keith Cyrus aka Omer Keith Cyrus<br>16856 Golden Stone Drive<br>Sisters, OR 97759 | |
| Conida E. Cyrus aka Connie Cyrus<br>17204 Highway 126<br>Sisters, OR 97759<br><br>Conida E. Cyrus aka Connie Cyrus<br>16850 Jordan Road<br>Sisters, OR 97759<br><br>Conida E. Cyrus aka Connie Cyrus<br>17037 Golden Stone Drive<br>Sisters, OR 97759<br><br>Conida E. Cyrus aka Connie Cyrus<br>16947 Golden Stone Drive<br>Sisters, OR 97759<br><br>Conida E. Cyrus aka Connie Cyrus<br>16827 Golden Stone Drive<br>Sisters, OR 97759<br><br>Conida E. Cyrus aka Connie Cyrus<br>16856 Golden Stone Drive<br>Sisters, OR 97759 | Grantor |
| Matthew K. Cyrus<br>17430 Highway 126<br>Sisters, OR 97759<br><br>Matthew K. Cyrus<br>16925 Green Drake Court<br>Sisters, OR 97759 | Grantor |

© 2018 SGLaw. All Rights Reserved.

| | |
|---|---|
| Matthew K. Cyrus<br>16850 Jordan Road<br>Sisters, OR 97759<br><br>Matthew K. Cyrus<br>17037 Golden Stone Drive<br>Sisters, OR 97759<br><br>Matthew K. Cyrus<br>16947 Golden Stone Drive<br>Sisters, OR 97759<br><br>Matthew K. Cyrus<br>16827 Golden Stone Drive<br>Sisters, OR 97759<br><br>Matthew K. Cyrus<br>16856 Golden Stone Drive<br>Sisters, OR 97759 | |
| Kelly K. Cyrus<br>17430 Highway 126<br>Sisters, OR 97759<br><br>Kelly K. Cyrus<br>16925 Green Drake Court<br>Sisters, OR 97759 | Borrower |
| Pamela K. Cyrus aka Pamela K. Mitchell<br>69339 Hinkle Butte Road<br>Sisters, OR 97759<br><br>Pamela K. Cyrus aka Pamela K. Mitchell<br>16850 Jordan Road<br>Sisters, OR 97759<br><br>Pamela K. Cyrus aka Pamela K. Mitchell<br>17037 Golden Stone Drive<br>Sisters, OR 97759<br><br>Pamela K. Cyrus aka Pamela K. Mitchell<br>16947 Golden Stone Drive<br>Sisters, OR 97759<br><br>Pamela K. Cyrus aka Pamela K. Mitchell<br>16827 Golden Stone Drive<br>Sisters, OR 97759 | Grantor |

© 2018 SGLaw. All Rights Reserved.

| | |
|---|---|
| Pamela K. Cyrus aka Pamela K. Mitchell<br>16856 Golden Stone Drive<br>Sisters, OR 97759 | |
| Sykes R. Mitchell<br>69339 Hinkle Butte Road<br>Sisters, OR 97759 | Borrower |
| Occupant(s)<br>16850 Jordan Rd.<br>Sisters, OR 97759 | Occupant(s) |
| Occupant(s)<br>17037 Golden Stone Drive<br>Sisters, OR 97759 | Occupant(s) |
| Occupant(s)<br>16947 Golden Stone Drive<br>Sisters, OR 97759 | Occupant(s) |
| Occupant(s)<br>16827 Golden Stone Drive<br>Sisters, OR 97759 | Occupant(s) |
| Occupant(s)<br>16856 Golden Stone Drive<br>Sisters, OR 97759 | Occupant(s) |
| Paul J. Lipscomb<br>c/o Thomas C. Tankersley, Esq.<br>Drabkin Tankersley & Wright<br>701 NE Evans St<br>PO Box 625<br>McMinnville OR 97128 | Judgment Lien Holder |
| Central Electric Cooperative, Inc.<br>Attn: LPSL Corporate Services, Inc., Registered Agent<br>601 SE 2nd Avenue, Suite 2100<br>Portland, OR 97204 | |
| KMB Enterprises<br>17204 Hwy 126<br>Sisters, OR 97759 | |

© 2018 SGLaw. All Rights Reserved.

| | |
|---|---|
| KMB Enterprises<br>Attn: Aspen Investments, L.L.C., Registered Agent<br>16900 Green Drake Ct.<br>Sisters, OR 97759 | |
| Credit Services of Oregon, Inc.<br>aka CSO Financial, Inc.<br>PO Box 1208<br>Roseburg, OR 97470<br><br>Credit Services of Oregon, Inc.<br>aka CSO Financial, Inc.<br>c/o Mary Inscore, Registered Agent<br>1229 SE Stephens Street<br>Roseburg, OR 97470 | Judgment Lien<br>Holder |
| Howard M. Levine<br>Sussman Shank LLP<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205 | |

Pursuant to ORS 86.786, not later than 15 days before the sale date specified herein, the trustee shall provide a statement of information upon receipt of a written request from any interested party.

In construing this notice, the singular includes the plural, the word "Grantors" includes any successor in interest to the grantors as well as any other person owing an obligation, the performance of which is secured by the Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

The mailing address for the successor trustee, as referenced herein, is as follows:

> Erich M. Paetsch, OSB 993350, Vice President of Successor Trustee
> Saalfeld Griggs, P.C., Successor Trustee
> P.O. Box 470
> Salem, OR 97308-0470
> Trustee's Telephone Number: 503-399-1070

DATED: This 1st day of June, 2018.

SAALFELD GRIGGS PC, SUCCESSOR TRUSTEE

By: Erich M. Paetsch, OSB 993350
Its: Vice President

STATE OF OREGON, County of Marion) ss.
This instrument was acknowledged before me on this 1st day of June, 2018, by Erich M. Paetsch, Vice President for Saalfeld Griggs, P.C., Successor Trustee.

OFFICIAL STAMP
KRISTA LYNN TATE
NOTARY PUBLIC - OREGON
COMMISSION NO. 941959
MY COMMISSION EXPIRES AUGUST 19, 2019

Notary Public - State of Oregon

© 2018 SGLaw. All Rights Reserved.

## Exhibit "A"
## Legal Description

PARCEL ONE:

The North Half (N½) of Section Thirteen (13) all in Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon,

EXCEPTING THEREFROM a portion of the Southwest Quarter of the Northwest Quarter (SW¼NW¼) of Section Thirteen (13), described as follows:

Beginning at a point on the Section line between Sections Thirteen (13) and Fourteen (14), South 0°38'54" East, 1581.85 feet from the Northwest corner of Section 13 and running thence South 0°38'54" East, 361.5 feet; thence South 67°48'54" East, 361.5 feet; thence North 0°38'54" West, 361.5 feet to the South side of Jordan Road; thence North 67°48'54" West, 361.5 feet along the South side of Jordan Road to the point of beginning.

ALSO EXCPETING THEREFROM that portion lying within the right of way of Cloverdale Road, Slayton Road and Jordan Road.

PARCEL TWO:

Lots One Hundred One (101), One Hundred Six (106), One Hundred Sixteen (116) and One Hundred Seventeen (117), GOLF COURSE ESTATES AT ASPEN LAKES PHASE 4, recorded December 3, 2004, in Cabinet G, Page 543, Deschutes County, Oregon.

© 2018 SGLaw. All Rights Reserved.

ST 108251 SM 126

DESCHUTES COU... OFFICIAL RECORDS **2008-30825**
NANCY BLANKENSHIP, COUNTY CLERK

**$126.00**

005246762008003082502002O9

07/22/2008 02:11:09 PM

M-DT Cnt=1 Stn=1 BN
$100.00 $11.00 $10.00 $5.00

RECORDATION REQUESTED BY:

WHEN RECORDED MAIL TO:

Lewis Hanson and Company, Inc.
P. O. Box 766
Albany OR 97321

**SEND TAX NOTICES TO:**

Lewis Hanson and Company, Inc.
P. O. Box 766
Albany OR 97321

2D

**DEED OF TRUST**

THIS DEED OF TRUST is dated, JULY 21 , 2008 between, O. KEITH CYRUS and CONIDA E. CYRUS, tenants in common, as to Parcel 1, and MATTHEW K. CYRUS, O. KEITH CYRUS and PAMELA K. CYRUS, as to Parcel 2, whose address 16900 ASPEN LAKES DRIVE, SISTERS, OR 97759 ("Grantor"); LEWIS HANSON AND COMPANY, INC., TRUSTEE FOR CYRUS FARM LOAN, whose address is P. O. BOX 766, ALBANY OR 97321 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and JAMES H. JORDAN, Attorney, whose address is P.O. BOX 983, ALBANY OR 97321 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, represented in the Note dated, JULY 21 2008, in the original principal amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($500,000.00), from Borrower to Lender, Grantor conveys to Trustee for the benefit of Lender as Beneficiary all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances, all water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar materials, (the "Real Property") located in DESCHUTES County, State of Oregon; described as follows:

SEE EXHIBIT "A"

The Real Property or its address is commonly known as 16850 Jordan Rd., N ½ of Section 13, W of Cloverdale Rd. and 17037, 16947, 16827, 16937, 16907, 16856 Golden Stone Drive, Sisters, OR 97759 .

CROSS-COLLATERALIZATION. In addition to the Note, this Deed of Trust secures all obligations, debts and liabilities, plus interest thereon, of Borrower to Lender, or any one or more of them, as well as all claims by Lender against Borrower or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

Page 1 - Deed of Trust

After recording, return to
Amerititle
15 OREGON AVENUE, BEND

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court judgment, decree or order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**GRANTOR'S WAIVERS.** Grantor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Grantor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Note, this Deed of Trust and any and all Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY:** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; (3) collect the Rents from the Property. The following provisions relate to the use of the Property or to other limitations on the Property. THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

> **Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

> **Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not the same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Page 2 - Deed of Trust

**Nuisance, Waste.** Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Grantor shall not demolish or remove any improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such improvements with improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's Compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender to protect Lender's interest.

**Duty to Protect.** Grantor agrees neither to abandon nor to leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than one year, lease-option, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such is prohibited by federal law or by Oregon law.

**TAXES AND LIENS.** The following provisions relating to taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Grantor shall pay when due all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessment and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, material men's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**Page 3 - Deed of Trust**

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable replacement value covering all improvements on the Real Property in an amount to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverage's and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverage's will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's sole election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair. Lender at its sole option, can hold insurance proceeds and distribute them directly to any contractors or anyone else that makes improvements upon the real property after a damage or loss. In the event, upon making improvements to the real property from insurance funds paid to Lender and/or Grantor(s), any overage, i.e., amounts remaining in excess of the actual cost to replace improvements and fixtures (excluding any labor provided by Grantor(s) personally), shall, at the discretion of the Lender, be applied toward the principal balance and/or any other amounts past due and then owing. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the indebtedness.

**Compliance with Existing Indebtedness.** During the period in which any existing indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such existing indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the existing indebtedness.

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, (C) to make repairs to the Property or to comply with any obligation to maintain existing indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate of eighteen (18%) percent per annum from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of the applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Page 4 - Deed of Trust**

Exhibit E
Page 4 of 14

**Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the existing indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Grantor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's indebtedness is paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning existing indebtedness are a part of this Deed of Trust:

**Existing Lien.** The lien of this Deed of Trust securing the indebtedness may be secondary and inferior to an existing lien. Grantor expressly covenants and agrees to pay, or see to the payment of, the existing indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**No Modification.** Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement, which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If all or any part of the property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust.

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording and registering this Deed of Trust.

Page 5 - Deed of Trust

Exhibit E
Page 5 of 14

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust.

**THIS DOCUMENT CONSTITUTES A FIXTURE FILING THAT WILL HAVE AN EFFECTIVE PERIOD UNTIL THIS DEED OF TRUST IS RECONVEYED OR SATISFIED OF RECORD OR ITS EFFECTIVENESS OTHERWISE TERMINATES REGARDING THE PROPERTY IN ACCORDANCE WITH ORS 79.0515(7).**

**Granting Clause.** All of Grantor's interest in and to all fixtures and property now or hereafter attached to or used in the operation of the Property including, but not limited to, heating and incinerating apparatus and equipment; boilers; engines; motors; dynamos; generating equipment; telephone and other communication systems; piping and plumbing fixtures; ranges, cooking apparatus, and mechanical kitchen equipment; refrigerators, cooling, ventilating, sprinkling, and vacuum cleaning systems; fire-extinguishing apparatus; gas and electrical fixtures; irrigation equipment; carpeting; under-padding; elevators; escalators; partitions, mantels; built-in mirrors; window shades, blinds, screens, storm sashes, and awnings; furnishings of public spaces, halls, and lobbies; and shrubbery and plants; and all renewals or replacements of them or articles in substitution for them. All property mentioned in this subsection will be deemed part of the realty and not severable either wholly or in part without material injury to the Property.

**Fixture Filing.** The recording of this Deed of Trust will be effective as a financing statement filed as a fixture filing with respect to all fixtures included within the Property and is to be recovered with the appropriate authority where the Property (including fixtures) is situated.

**Effective Fixture Filing Date.** This fixture filing will have an effective period until this Deed of Trust is reconveyed or satisfied of record or its effectiveness otherwise terminates as to the Property.

**Fixtures and Personal Property.** With respect to any fixtures or personal property subject to a security interest in favor of Beneficiary, Beneficiary may exercise any and all of the right and remedies of a secured party under the Oregon Uniform Commercial Code.

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Grantor shall execute financing statements and take whatsoever other action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** This mailing address of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

Page 6 - Deed of Trust

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

> **Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or prerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matter referred to in this paragraph.

> **Attorney-in-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower pays all the indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law.

**EVENTS OF DEFAULT.** At Lender's option, Grantor will be in default under this Deed of Trust if any of the following happen:

> **Payment Default.** Borrower fails to make any payment when due under the indebtedness. Failure to make any payment includes, but is not limited to, failure to make any payment under the terms of the Promissory Note signed by the borrower inclusive of any late penalties or any other amounts payable thereunder.

> **Break Other Promises.** Borrower or Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Deed of Trust or in any agreement related to this Deed of Trust.

> **Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents. If such a failure is curable and if Borrower or Grantor has not been given a notice of breach of the same provisions of this Deed of Trust within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if Borrower or Grantor, after Lender sends written notice demanding cure of such failure: (a) cures the failure within thirty (30) days; or (b) if the cure requires more than thirty (30) days, immediately initiates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

> **Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Borrower's or any Grantor's ability to repay the indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

> **Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

> **Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other credit or person that may materially affect any of Grantor's property or Borrower's or any Grantor's ability to repay the indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

> **False Statements.** Any representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Deed of Trust of the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

Page 7 - Deed of Trust

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Borrower's or Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Borrower's or Grantor's account with Lender. However, if Borrower or Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Borrower or Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Borrower or Grantor under the terms of any other agreement between Borrower or Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower or Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guarantor of the indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Existing Indebtedness.** The payment of any installment or principal or any interest on the existing indebtedness is not made within the time required by the promissory note evidencing such indebtedness, or a default occurs under the instrument securing each indebtedness and is not cured during any applicable grace period in such instrument, or any suit or other action is commenced to foreclose any existing lien on the Property.

**Right to Cure.** If such a failure is curable and if Borrower or Grantor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if Borrower or Grantor, after Lender sends written notice demanding cure of such failure: (a) cures the failure within thirty (30) days; or (b) if the cure requires more than thirty (30) days, immediately initiates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Deed of Trust, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor to declare the entire indebtedness immediately due and payable, including any prepayment penalty, which Borrower would be required to pay.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclosure by notice and sale, and Lender shall have the right to foreclosure by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law. If this Deed of Trust is foreclosed by judicial foreclosure, Lender will be entitled to a judgment, which will provide that if the foreclosure sale proceeds are insufficient to satisfy the judgment, execution may issue for the amount of the unpaid balance of the judgment.

Page 8 - Deed of Trust

**UCC Remedies.** With respect to all of any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the indebtedness. The receiver may serve without bond if permitted by law. Lenders right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other indented disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least fifteen (15) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waive any and all rights to have the Property marshaled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum, as the court may adjudge reasonable as attorneys' fees at trial upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the rate of eighteen (18%) percent per annum from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the power and obligations of Trustee are part of this Deed of Trust:

Page 9 - Deed of Trust

Exhibit E
Page 9 of 14

**Powers of Trustee.** In addition to all power of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) to join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instruments executed and acknowledged by Lender and recorded in the office of the recorder of <u>DESCHUTES</u> County, State of Oregon. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page or register number where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** What is written in this Deed of Trust and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Deed of Trust. To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.
Merger. There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time be held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by and interpreted in accordance with federal law and the laws of the State of Oregon.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit the jurisdiction of the courts of <u>LINN</u> County, State of Oregon.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Grantor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does not agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to

**Page 10 - Deed of Trust**

Exhibit E
Page 10 of 14

comply with the other provisions of this Deed of Trust. Grantor also understands that if Lender does not consent to a request that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest and notice of dishonor.

**Severability.** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or enforceable.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon the inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the indebtedness by way of forbearance or extension without releasing Grantor from the obligations of the Deed of Trust of liability under the indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all right and benefits of the homestead exemption laws of the State of Oregon as to all indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.** The word "Beneficiary" means **LEWIS HANSON AND COMPANY, INC. TRUSTEE FOR CYRUS FARM LOAN,** and its successors and assigns.

**Borrower.** The word "Borrower" means, **O. KEITH CYRUS and CONIDA E. CYRUS, tenants in common, as to Parcel 1, and MATTHEW K. CYRUS, O. KEITH CYRUS and PAMELA K. CYRUS, as to Parcel 2** and includes all co-signers and co-makers signing the Note.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., regulations adopted pursuant thereto or intended to protect human health or the environment.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of the Deed of Trust.

**Grantor.** The word "Grantor" means **O. KEITH CYRUS and CONIDA E. CYRUS, tenants in common, as to Parcel 1, and MATTHEW K. CYRUS, O. KEITH CYRUS and PAMELA K. CYRUS, as to Parcel 2.**

**Hazardous Substances.** The words "Hazardous Substances" means materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause, pose or present potential hazards to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials, or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum, including crude oil and any fraction thereof and asbestos.

Page 11 - Deed of Trust

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and all other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. Specifically, without limitation, indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Deed of Trust.

**Lender.** The word "Lender" means **LEWIS HANSON AND COMPANY, INC. TRUSTEE FOR CYRUS FARM LOAN**, its successors and assigns. The words "successors and assigns" means any person or company that acquires any interest in the Note.

**Note.** The word "Note" means the promissory note dated <u>JULY    21   .2008</u>, in the original principal amount of <u>$500,000.00</u> from the Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the promissory note or agreement. The maturity dated of the Note is <u>JULY          , 2018</u>.

**Personal Property.** The words "Real Property" means collectively the Real Property and the Personal Property.

**Property.** The word "Property" means the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" means all promissory notes, credit agreements, loan agreements, environmental agreements, indemnity agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

**Trustee.** The word "Trustee" means **JAMES H. JORDAN, Attorney**, whose address is **P. O. BOX 983, ALBANY OR 97321**, and any substitute or successor trustees.

**EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS.**

GRANTOR:

By: _____
O. KEITH CYRUS

By: _____
MATTHEW K. CYRUS

By: _____
CONIDA E. CYRUS

By: _____
PAMELA K. CYRUS
(aka PAMELA K. MITCHELL)

Page 12 - Deed of Trust

**ACKNOWLEDGMENT**

STATE OF OREGON          )
                         ) ss.
County of  DESCHUTES     )

On this _21_ day of _JULY_, 2008, before me, the undersigned Notary Public, personally appeared O. KEITH CYRUS, CONIDA E. CYRUS, MATTHEW K. CYRUS and PAMELA K. CYRUS who acknowledge the foregoing to be their free and voluntary act and deed

By: _Shelly Marsh_          My Commission Expires: _07-22-11_
Notary Public for the State of Oregon

OFFICIAL SEAL
SHELLEY MARSH
NOTARY PUBLIC-OREGON
COMMISSION NO. 418664
MY COMMISSION EXPIRES JULY 22, 2011

**REQUEST FOR FULL RECONVEYANCE**
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and hold of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____

Date: _____          Beneficiary: _____

Page 13 - Deed of Trust

## EXHIBIT "A"
### LEGAL DESCRIPTION

PARCEL 1:

The North half (N1/2) of Section Thirteen (13) all in Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon,

EXCEPTING THEREFROM a portion of the Southwest Quarter of the Northwest Quarter (SW1/4NW1/4) of Section Thirteen (13), described as follows:

Beginning at a point on the Section line between Sections Thirteen (13) and Fourteen (14), South 0°38'54" East, 1581.85 feet from the Northwest corner of Section 13 and running thence South 0°38'54" East, 361.5 feet; thence South 67°48'54" East, 361.5 feet; thence North 0°38'54" West, 361.5 feet to the South side of Jordan Road; thence North 67°48'54" West, 361.5 feet along the South side of Jordan Road to the point of beginning.

ALSO EXCEPTING THEREFROM that portion lying within the right of way of Cloverdale Road, Slayton Road and Jordan Road.

PARCEL 2:

Lot One Hundred One (101), Lot One Hundred Six (106), Lot One Hundred Seven (107), Lot One Hundred Eight (108), Lot One Hundred Sixteen (116) and Lot One Hundred Seventeen (117) GOLF COURSE ESTATES AT ASPEN LAKES PHASE 4, Deschutes County, Oregon.

**DO NOT DESTROY THIS NOTE: When paid, this note and the deed of trust securing this note, must be surrendered to the trustee for cancellation before reconveyance will be made.**

## PROMISSORY NOTE

**$ 500,000.00**                                  Date: JULY 21 , 2008

FOR VALUE RECEIVED, the undersigned promises to pay to the order of **LEWIS HANSON AND COMPANY, INC., TRUSTEE FOR CYRUS FARM LOAN** at P. O. Box 766, Albany, Oregon, 97321 or at such other place as the holder hereof may from time to time designate in writing, the sum of **FIVE HUNDRED THOUSAND AND NO/DOLLARS ($500,000.00)**, with interest thereon from the date of funding, **JULY 22 , 2008**, at the rate of **8.5** percent per annum until paid, payable as follows:

In monthly installments of not less than **$4,925.00**, including interest. The first payment is to be made on the **22nd** day of **AUGUST , 2008** and a like payment on the same day of every month thereafter until **JULY 22 , 2018** when the entire unpaid balance of both principal and interest shall be paid in full.

Interest shall be computed on a 360-day basis. That is, one day shall be deemed to be one 360th of 1 year, one month shall be deemed to be 30 days in length, and one year shall be deemed to be 360 days.

In the event this note shall be in default for a period of ten (10) days or more, the holder of this note will assess a late charge equal to ten percent (10%) of each past due installment. The late charge shall be paid on demand, and the holder reserves the right to refuse any late payment unless accompanied by such late charge. The late charge will be deemed to have accrued as of noon on the tenth day. If payment not received by noon on the tenth day, the late charge shall be deemed accrued and payable in full. In addition, in the event this note shall be in default for a period of twenty (20) days or more, the interest rate on the unpaid balance shall increase by five percent (5%) per annum commencing on the installment due date and continuing for the period of default. A surcharge equal to ten percent (10%) of each past due installment will be assessed in addition to the late charge when the note is in default for twenty (20) days or more. The surcharge shall be paid on demand, and the holder reserves the right to refuse any late payment unless accompanied by such surcharge.

Page 1     PROMISSORY NOTE

All payments shall be applied first to late charges, if any, then to interest, then to principal. If any installment is not so paid, the whole sum of principal and interest shall become immediately due and collectible at the option of the holder of this note.

If this note is placed in the hands of an attorney for collection, including any efforts relating to issues peculiar to federal bankruptcy, the undersigned agrees to pay the reasonable fee and expense of such attorney even though no suit or action is instituted or no sale of the property has been directed under the terms of the trust deed securing this obligation. Such fees and costs may, at the option of the holder, be added to the principal balance of this note. In case suit or action is instituted to collect this note, or in relation to any issue peculiar to federal bankruptcy, the undersigned promises to pay such additional sum as the trial court may adjudge reasonable as attorney fees and paralegal fees in said suit or action, and any appellate court upon appeal in such suit or action. Such sums shall include an amount estimated by the court or the arbitrator as the reasonable costs and fees to be incurred by the prevailing party in collecting any monetary judgment or award or otherwise in enforcing any order, judgment or decree entered in such suit, action, arbitration or other proceeding.

O. KEITH CYRUS     DATE     07-21-08
Individually

CONIDA E. CYRUS     DATE     7/21/08
Individually

MATTHEW K. CYRUS     DATE     7-21-08
Individually

KELLY K. CYRUS     DATE     7/21/08
Individually

PAMELA K. CYRUS     DATE     7-21-08
(aka PAMELA K. MITCHELL)
Individually

SYKES R. MITCHELL     DATE     7/21/08
Individually

Pamela K. Mitchell

**Page 2**     **PROMISSORY NOTE**

702 Loan, Cloverdale 702 2nd Loan, Cyrus Parcel 8 Loan, Cyrus Parcel 9 Loan Aspen Investments Loan, Aspen Investments 2nd Loan, Aspen Lakes Development Loan, Aspen Lakes Lot 101 Loan, Aspen Lakes Lot 106 Loan, Aspen Lakes Lot 116 Loan, Aspen Lakes Lot 117 Loan, Aspen Lakes Tract "O" Loan, Aspen Lakes Tract "O" 2nd Loan and Cyrus Parcel 8 Loan

**(Includes other property)**

44. Notice of Federal Tax lien for the amount herein stated and any other amounts due:
    Against:          Matthew K. & Kelly K. Cyrus
    Amount:           $9,116.71
    Recorded:         April 20, 2009
    Instrument No.:   2009-16029, Deschutes County Records
    **(Parcel 2)**

45. Easement, including the terms and provisions thereof, affecting the portion of said premises and for the purposes stated therein
    As granted to:    Central Electric Cooperative, Inc., an Oregon Cooperative Corporation
    Recorded:         January 18, 2012
    Instrument No.:   2012-01339, Deschutes County Records
    **(Parcel 1)**

46. Deed of Trust, including the terms and provisions thereof, to secure an indebtedness of the amount herein stated.
    Amount:           $301,000.00
    Dated:            March 26, 2012
    Recorded:         March 30, 2012
    Instrument No.:   2012-11728, Deschutes County Records
    Grantor:          Omer K. Cyrus and Connie Cyrus; Omer Keith Cyrus and Connie Cyrus, as tenants by the entirety; also as Omer Kieth Cyrus and Conida Elma Cyrus, Husband and Wife; also as O. Keith Cyrus and Conida E. Cyrus, tenants in common; also O. Keith Cyrus and Conida Cyrus, as Husband and Wife
    Trustee:          AmeriTitle
    Beneficiary:      Selco Community Credit Union
    **(Said Deed of Trust is a Line of Credit Deed of Trust)**
    **(Parcel 1 and Includes Other Property)**

47. Subject to compliance with Chapter 19, Oregon Laws 2008 and the provisions thereof.

NOTE: Any map or sketch enclosed as an attachment herewith is furnished for information purposes only to assist in property location with reference to streets and other parcels. No representation is made as to accuracy and the company assumes no liability for any loss occurring by reason of reliance thereon.

**Attention is directed to the following matters for non-judicial foreclosures of residential trust deeds as defined in ORS 86.705(5):**

**WARNING:** ORS 86.735 requires, among other provisions, that any assignment of a trust deed and any appointment of successor trustee be recorded for a foreclosure by advertisement and sale. Some recent cases do not recognize Mortgage Electronic Registration Systems, Inc. (MERS) as a beneficiary of a trust deed, with rulings that Oregon law requires the recording of all trust deed assignments by the lender for whom MERS is nominee and by the lender's successors and assigns and, in addition when there is a successor trustee, the recording of an appointment of a successor trustee by the lender or the appropriate successor to or assignee of the lender. Unless all such assignments and appointments are recorded before a foreclosure by advertisement and sale, the Company may decline to issue post-foreclosure title insurance.

RECORDATION REQUESTED BY:

DESCHUTES COUNTY OFFICIAL RECORDS 2009-11652
NANCY BLANKENSHIP, COUNTY CLERK

$126.00

M-DT Cnt=1 Stn=1 BN          03/23/2009 12:31:02 PM
$100.00 $11.00 $10.00 $5.00

WHEN RECORDED MAIL TO:

Lewis Hanson and Company, Inc.
P. O. Box 766
Albany OR 97321

SEND TAX NOTICES TO:

Lewis Hanson and Company, Inc.
P. O. Box 766
Albany OR 97321

## BLANKET DEED OF TRUST

THIS DEED OF TRUST is dated, MARCH __20__ ,2009 between, O. KEITH CYRUS and CONIDA E. CYRUS, tenants in common, as to Parcel 1; MATTHEW K. CYRUS, O. KEITH CYRUS and PAMELA K. CYRUS, as to Parcel 2; OMER KEITH CYRUS and CONIDA E. CYRUS, as tenants by the entirety, as to Parcel 3; O. KEITH CYRUS and CONIDA E. CYRUS, tenants in common, and OMER KEITH CYRUS and CONIDA E. CYRUS, as tenants by the entirety, as to Parcel 4; O. KEITH CYRUS and CONIDA E. CYRUS, tenants in common, as to Parcel 5; OMER K. CYRUS and CONIDA E. CYRUS, as tenants in common, as to Parcel 6; ASPEN INVESTMENTS LLC, an Oregon Limited Liability Company, as to Parcel 7; ASPEN LAKES DEVELOPMENT, LLC, as to Parcel 8, Parcel 9 and Parcel 10; and O. KEITH CYRUS and CONIDA E. CYRUS, as tenants by the entirety, as to Parcel 11 whose address is 16900 ASPEN LAKES DRIVE, SISTERS, OR 97759 ("Grantor"); LEWIS HANSON AND COMPANY, INC., TRUSTEE FOR CYRUS FARM    LOAN, CLOVERDALE    LOAN, CLOVERDALE 702 LOAN, CLOVERDALE 702 2ND LOAN, CYRUS FARM 9 LOAN, ASPEN INVESTMENTS LOAN, ASPEN INVESTMENTS 2ND LOAN, ASPEN LAKES DEVELOPMENT LOAN, ASPEN LAKES LOT 101 LOAN, ASPEN LAKES LOT 106 LOAN, ASPEN LAKES LOT 116 LOAN, ASPEN LAKES LOT 117 LOAN, ASPEN LAKES TRACT "O" LOAN, ASPEN LAKES TRACT "O" 2ND LOAN and CYRUS PARCEL 8 LOAN whose address is P. O. BOX 766, ALBANY OR 97321 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and JAMES H. JORDAN, Attorney, whose address is P.O. BOX 983, ALBANY OR 97321 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, represented in the Notes dated, JANUARY 25, 2007; OCTOBER 29, 2007; MARCH 31, 2008; JULY 21, 2008; FEBRUARY 9, 2009 and MARCH __20__, 2009, in the original principal amount of FOUR MILLION EIGHT HUNDRED FIFTY THOUSAND AND  NO/100 DOLLARS ($ 4,850,000.00), from Borrower to Lender, Grantor conveys to Trustee for the benefit of Lender as Beneficiary all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances, all water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar materials, (the "Real Property") located in DESCHUTES County, State of Oregon; described as follows:

See Attached Exhibit "A"

The Real Property or its address is commonly known as PARCEL 1 - 16850 Jordan Rd., N 1/2 of Section 13, W of Cloverdale Rd., Sisters, OR 97759; PARCEL 2 – 16947, 16927, 16856 and 17037 Golden Stone Drive, Sisters, OR 97759; PARCELS 3, 4, & 5 – 68195 Cloverdale Road, Sisters, OR 97759; PARCEL 6 – 16809 Hwy 126, Sisters, OR 97759; PARCEL 7 – 17155 Hwy 126, Sisters, Oregon 97759; PARCELS 8, 9 & 10 – No situs address in Sisters, OR 97759; PARCEL 11 – Cloverdale Road/Highway 126, Sisters, OR 97759.

CROSS-COLLATERALIZATION. In addition to the Note, this Deed of Trust secures all obligations, debts and liabilities, plus interest thereon, of Borrower to Lender, or any one or more of them, as well as all claims by Lender against Borrower or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated

Page 1 - Deed of Trust

After recording, return to
Amerititle
15 OREGON AVENUE, BEND
→ 113003

Recorded by AmeriTitle as an
accommodation only. No liability
is accepted for the condition of
title or for the validity, sufficiency,
or effect of this document.

whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

Grantor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Grantor's right, title, and interest in and to all present and future leases of the Property and all rents from the Property. In addition, Grantor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Deed of Trust is executed at Borrower's request and not at the request of Lender; (b) Grantor has the full power, right and authority to enter into this Deed of Trust and to hypothecate the Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument binding upon Grantor and do not result in a violation of any law, regulation, court judgment, decree or order applicable to Grantor; (d) Grantor has established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e) Lender has made no representation to Grantor about Borrower (including without limitation the creditworthiness of Borrower).

**GRANTOR'S WAIVERS.** Grantor waives all rights or defenses arising by reason of any "one action" or "anti-deficiency" law, or any other law which may prevent Lender from bringing any action against Grantor, including a claim for deficiency to the extent Lender is otherwise entitled to a claim for deficiency, before or after Lender's commencement or completion of any foreclosure action, either judicially or by exercise of a power of sale.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower shall pay to Lender all indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Grantor shall strictly perform all their respective obligations under the Note, this Deed of Trust and any and all Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Grantor agree that Borrower's and Grantor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.** Until the occurrence of an Event of Default, Grantor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; (3) collect the Rents from the Property. The following provisions relate to the use of the Property or to other limitations on the Property. THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN ORS 30.930.

> **Duty to Maintain.** Grantor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

> **Compliance With Environmental Laws.** Grantor represents and warrants to Lender that: (1) During the period of Grantor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Grantor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) except as previously disclosed to and acknowledged by Lender in writing, (a) neither Grantor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all

**Page 2 - Deed of Trust**

Exhibit H
Page 2 of 20

Environmental Laws. Grantor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Grantor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Grantor or to any other person. The representations and warranties contained herein are based on Grantor's due diligence in investigating the Property for Hazardous Substances. Grantor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Grantor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Grantor's ownership or interest in the Property, whether or not he same was or should have been known to Grantor. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

Nuisance, Waste. Grantor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Grantor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

Removal of Improvements. Grantor shall not demolish or remove any improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any improvements, Lender may require Grantor to make arrangements satisfactory to Lender to replace such improvements with improvements of at least equal value.

Lender's Right to Enter. Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Grantor's Compliance with the terms and conditions of this Deed of Trust.

Compliance with Governmental Requirements. Grantor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Grantor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Grantor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Grantor to post adequate security or a surety bond, reasonably satisfactory to Lender to protect Lender's interest.

Duty to Protect. Grantor agrees neither to abandon nor to leave unattended the Property. Grantor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than one year, lease-option, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such is prohibited by federal law or by Oregon law.

**TAXES AND LIENS.** The following provisions relating to taxes and liens on the Property are part of this Deed of Trust:

Payment. Grantor shall pay when due all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Grantor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

Page 3 - Deed of Trust

**Right to Contest.** Grantor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Grantor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Grantor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Grantor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Grantor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Grantor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessment and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Grantor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Grantor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Grantor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Grantor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable replacement value covering all improvements on the Real Property in an amount to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverage's and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Grantor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverage's will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Grantor or any other person. Should the Real Property be located in an area designated by the Director of Federal Emergency Management Agency as a special flood hazard area, Grantor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Grantor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Grantor fails to do so within fifteen (15) days of the casualty. Whether or not Lender's security is impaired, Lender may, at Lender's sole election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If Lender elects to apply the proceeds to restoration and repair. Lender at its sole option, can hold insurance proceeds and distribute them directly to any contractors or anyone else that makes improvements upon the real property after a damage or loss. In the event, upon making improvements to the real property from insurance funds paid to Lender and/or Grantor(s), any overage, i.e., amounts remaining in excess of the actual cost to replace improvements and fixtures (excluding any labor provided by Grantor(s) personally), shall, at the discretion of the Lender, be applied toward the principal balance and/or any other amounts past due and then owing. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the indebtedness.

**Compliance with Existing Indebtedness.** During the period in which any existing indebtedness described below is in effect, compliance with the insurance provisions contained in the instrument evidencing such existing indebtedness shall constitute compliance with the insurance provisions under this Deed of Trust, to the extent compliance with the terms of this Deed of Trust would constitute a duplication of insurance requirement. If any proceeds from the insurance become payable on loss, the provisions in this Deed of Trust for division of proceeds shall apply only to that portion of the proceeds not payable to the holder of the existing indebtedness.

Page 4 - Deed of Trust

**LENDER'S EXPENDITURES.** If Grantor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, (C) to make repairs to the Property or to comply with any obligation to maintain existing indebtedness in good standing as required below, then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Grantor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate of eighteen (18%) percent per annum from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of the applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

> **Title.** Grantor warrants that: (a) Grantor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the existing indebtedness section below or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Grantor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

> **Defense of Title.** Subject to the exception in the paragraph above, Grantor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Grantor's title or the interest of Trustee or Lender under this Deed of Trust, Grantor shall defend the action at Grantor's expense. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Grantor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

> **Compliance With Laws.** Grantor warrants that the Property and Grantor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

> **Survival of Promises.** All promises, agreements, and statements Grantor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's indebtedness is paid in full.

**EXISTING INDEBTEDNESS.** The following provisions concerning existing indebtedness are a part of this Deed of Trust:

> **Existing Lien.** The lien of this Deed of Trust securing the indebtedness may be secondary and inferior to an existing lien. Grantor expressly covenants and agrees to pay, or see to the payment of, the existing indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

> **No Modification.** Grantor shall not enter into any agreement with the holder of any mortgage, deed of trust, or other security agreement, which has priority over this Deed of Trust by which that agreement is modified, amended, extended, or renewed without the prior written consent of Lender. Grantor shall neither request nor accept any future advances under any such security agreement without the prior written consent of Lender.

**CONDEMNATION.** The following provisions relating to condemnation proceedings are a part of this Deed of Trust:

> **Proceedings.** If any proceeding in condemnation is filed, Grantor shall promptly take such steps as may be necessary to defend the action and obtain the award. Grantor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Grantor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

Page 5 - Deed of Trust

Exhibit H
Page 5 of 20

**Application of Net Proceeds.** If all or any part of the property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses and attorneys' fees incurred by Trustee or Lender in connection with the condemnation.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust.

**Current Taxes, Fees and Charges.** Upon request by Lender, Grantor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Grantor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording and registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Grantor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust.

**THIS DOCUMENT CONSTITUTES A FIXTURE FILING THAT WILL HAVE AN EFFECTIVE PERIOD UNTIL THIS DEED OF TRUST IS RECONVEYED OR SATISFIED OF RECORD OR ITS EFFECTIVENESS OTHERWISE TERMINATES REGARDING THE PROPERTY IN ACCORDANCE WITH ORS 79.0515(7).**

**Granting Clause.** All of Grantor's interest in and to all fixtures and property now or hereafter attached to or used in the operation of the Property including, but not limited to, heating and incinerating apparatus and equipment; boilers; engines; motors; dynamos; generating equipment; telephone and other communication systems; piping and plumbing fixtures; ranges, cooking apparatus, and mechanical kitchen equipment; refrigerators, cooling, ventilating, sprinkling, and vacuum cleaning systems; fire-extinguishing apparatus; gas and electrical fixtures; irrigation equipment; carpeting; under-padding; elevators; escalators; partitions; mantels; built-in mirrors; window shades, blinds, screens, storm sashes, and awnings; furnishings of public spaces, halls, and lobbies; and shrubbery and plants; and all renewals or replacements of them or articles in substitution for them. All property mentioned in this subsection will be deemed part of the realty and not severable either wholly or in part without material injury to the Property.

**Fixture Filing.** The recording of this Deed of Trust will be effective as a financing statement filed as a fixture filing with respect to all fixtures included within the Property and is to be recovered with the appropriate authority where the Property (including fixtures) is situated.

**Effective Fixture Filing Date.** This fixture filing will have an effective period until this Deed of Trust is reconveyed or satisfied of record or its effectiveness otherwise terminates as to the Property.

**Fixtures and Personal Property.** With respect to any fixtures or personal property subject to a security interest in favor of Beneficiary, Beneficiary may exercise any and all of the right and remedies of a secured party under the Oregon Uniform Commercial Code.

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time, and

Page 6 - Deed of Trust

**Security Interest.** Upon request by Lender, Grantor shall execute financing statements and take whatsoever other action is requested by Lender to perfect and continue Lender's security interest in the Personal Property. In addition to recording this Deed of Trust in the real property records, Lender may, at any time and without further authorization from Grantor, file executed counterparts, copies or reproductions of this Deed of Trust as a financing statement. Grantor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Grantor shall not remove, sever or detach the Personal Property from the Property. Upon default, Grantor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Grantor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** This mailing address of Grantor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Grantor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or prerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Grantor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Grantor. Unless prohibited by law or Lender agrees to the contrary in writing, Grantor shall reimburse Lender for all costs and expenses incurred in connection with the matter referred to in this paragraph.

**Attorney-In-Fact.** If Grantor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Grantor and at Grantor's expense. For such purposes, Grantor hereby irrevocably appoints Lender as Grantor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower pays all the indebtedness when due, and otherwise performs all the obligations imposed upon Grantor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Grantor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Any reconveyance fee required by law shall be paid by Grantor, if permitted by applicable law.

**EVENTS OF DEFAULT.** At Lender's option, Grantor will be in default under this Deed of Trust if any of the following happen:

**Payment Default.** Borrower fails to make any payment when due under the indebtedness. Failure to make any payment includes, but is not limited to, failure to make any payment under the terms of the Promissory Note signed by the borrower inclusive of any late penalties or any other amounts payable thereunder.

**Break Other Promises.** Borrower or Grantor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Deed of Trust or in any agreement related to this Deed of Trust.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents. If such a failure is curable and if Borrower or Grantor has not been given a notice of breach of the same provisions of this Deed of Trust within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if Borrower or Grantor, after Lender sends written notice demanding cure of such failure: (a) cures the failure within thirty (30) days; or (b) if the cure requires more than thirty (30) days, immediately indicates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Borrower's or any Grantor's ability to repay the indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**Default in Favor of Third Parties.** Should Borrower or any Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other credit or person that may materially affect any of Grantor's property or Borrower's or any Grantor's ability to repay the indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Deed of Trust of the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Borrower's or Grantor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Borrower's or Grantor's account with Lender. However, if Borrower or Grantor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Borrower or Grantor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Borrower or Grantor under the terms of any other agreement between Borrower of Grantor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower or Grantor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guarantor of the indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Existing Indebtedness.** The payment of any installment or principal or any interest on the existing indebtedness is not made within the time required by the promissory note evidencing such indebtedness, or a default occurs under the instrument securing each indebtedness and is not cured during any applicable grace period in such instrument, or any suit or other action is commenced to foreclose any existing lien on the Property.

**Right to Cure.** If such a failure is curable and if Borrower or Grantor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured (and no Event of Default will have occurred) if Borrower or Grantor, after Lender sends written notice demanding cure of such failure: (a) cures the failure within thirty (30) days; or (b) if the cure requires more than thirty (30) days, immediately initiates steps sufficient to cure the failure and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

Page 8 - Deed of Trust

Exhibit H
Page 8 of 20

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Grantor's obligations under this Deed of Trust, after Grantor's failure to do so, that decision by Lender will not affect Lender's right to declare Grantor in default and to exercise Lender's remedies.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor to declare the entire indebtedness immediately due and payable, including any prepayment penalty, which Borrower would be required to pay.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law. If this Deed of Trust is foreclosed by judicial foreclosure, Lender will be entitled to a judgment, which will provide that if the foreclosure sale proceeds are insufficient to satisfy the judgment, execution may issue for the amount of the unpaid balance of the judgment.

**UCC Remedies.** With respect to all of any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor to take possession and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the indebtedness. The receiver may serve without bond if permitted by law. Lenders right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Grantor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Grantor, Grantor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Notice of Sale.** Lender shall give Grantor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other indented disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least fifteen (15) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Grantor hereby waive any and all rights to have the Property marshaled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum, as the court may adjudge reasonable as attorneys' fees at trial upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs

Page 9 - Deed of Trust

that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the rate of eighteen (18%) percent per annum from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the power and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all power of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Grantor: (a) to join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Grantor, Lender or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instruments executed and acknowledged by Lender and recorded in the office of the recorder of _DESCHUTES_ County, State of Oregon. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Grantor, the book and page or register number where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**NOTICES.** Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors. It will be Grantor's responsibility to tell the others of the notice from Lender.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** What is written in this Deed of Trust and in the Related Documents is Grantor's entire agreement with Lender concerning the matters covered by this Deed of Trust. To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

Page 10 - Deed of Trust

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law.** This Deed of Trust will be governed by and interpreted in accordance with federal law and the laws of the State of Oregon.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit the jurisdiction of the courts of LINN County, State of Oregon.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Deed of Trust shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Borrower and Grantor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Grantor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does not agree in writing to give up one of Lender's rights, that does not mean Grantor will not have to comply with the other provisions of this Deed of Trust. Grantor also understands that if Lender does not consent to a request that does not mean that Grantor will not have to get Lender's consent again if the situation happens again. Grantor further understands that just because Lender consents to one or more of Grantor's requests, that does not mean Lender will be required to consent to any of Grantor's future requests. Grantor waives presentment, demand for payment, protest and notice of dishonor.

**Severability.** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or enforceable.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Grantor's interest, this Deed of Trust shall be binding upon the inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Deed of Trust and the indebtedness by way of forbearance or extension without releasing Grantor from the obligations of the Deed of Trust of liability under the indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waiver of Homestead Exemption.** Grantor hereby releases and waives all right and benefits of the homestead exemption laws of the State of Oregon as to all indebtedness secured by this Deed of Trust.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.** The word "Beneficiary" means LEWIS HANSON AND COMPANY, INC. TRUSTEE FOR CYRUS FARM LOAN, CLOVERDALE LOAN, CLOVERDALE 702 LOAN, CLOVERDALE 702 2ND LOAN, CYRUS PARCEL 9 LOAN, ASPEN INVESTMENTS LOAN, ASPEN INVESTMENTS 2ND LOAN, ASPEN LAKES DEVELOPMENT LOAN, ASPEN LAKES LOT 101 LOAN, ASPEN LAKES LOT 106 LOAN, ASPEN LAKES LOT 116 LOAN, ASPEN LAKES LOT 117 LOAN, ASPEN LAKES TRACT "O" LOAN, ASPEN LAKES TRACT "O" 2ND LOAN and CYRUS PARCEL 8 LOAN, and its successors and assigns.

Page 11 - Deed of Trust

**Borrower.** The word "Borrower" means O. KEITH CYRUS and CONIDA E. CYRUS. tenants in common, as to Parcel 1: MATTHEW K. CYRUS. O. KEITH CYRUS and PAMELA K. CYRUS. as to Parcel 2: OMER KEITH CYRUS and CONIDA E. CYRUS. as tenants by the entirety, as to Parcel 3: O. KEITH CYRUS and CONIDA E. CYRUS. tenants in common, and OMER KEITH CYRUS and CONIDA E. CYRUS. as tenants by the entirety, as to Parcel 4: O. KEITH CYRUS and CONIDA E. CYRUS. tenants in common, as to Parcel 5: OMER K. CYRUS and CONIDA E. CYRUS. as tenants in common, as to Parcel 6: ASPEN INVESTMENTS LLC, an Oregon Limited Liability Company, as to Parcel 7: ASPEN LAKES DEVELOPMENT. LLC. as to Parcel 8. Parcel 9 and Parcel 10 and O. KEITH CYRUS and CONIDA E. CYRUS. as tenants by the entirety, as to Parcel 11 and includes all co-signers and co-makers signing the Note.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Grantor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., regulations adopted pursuant thereto or intended to protect human health or the environment.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Existing Indebtedness.** The words "Existing Indebtedness" mean the indebtedness described in the Existing Liens provision of the Deed of Trust.

**Grantor.** The word "Grantor" means O. KEITH CYRUS and CONIDA E. CYRUS. tenants in common, as to Parcel 1: MATTHEW K. CYRUS. O. KEITH CYRUS and PAMELA K. CYRUS. as to Parcel 2: OMER KEITH CYRUS and CONIDA E. CYRUS. as tenants by the entirety, as to Parcel 3: O. KEITH CYRUS and CONIDA E. CYRUS. tenants in common, and OMER KEITH CYRUS and CONIDA E. CYRUS. as tenants by the entirety, as to Parcel 4: O. KEITH CYRUS and CONIDA E. CYRUS. tenants in common, as to Parcel 5: OMER K. CYRUS and CONIDA E. CYRUS. as tenants in common, as to Parcel 6: ASPEN INVESTMENTS LLC, an Oregon Limited Liability Company, as to Parcel 7: ASPEN LAKES DEVELOPMENT. LLC. as to Parcel 8. Parcel 9 and Parcel 10 and O. KEITH CYRUS and CONIDA E. CYRUS. as tenants by the entirety, as to Parcel 11.

**Hazardous Substances.** The words "Hazardous Substances" means materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause, pose or present potential hazards to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials, or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum, including crude oil and any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and all other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Trustee or Lender to enforce Grantor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust. Specifically, without limitation, indebtedness includes all amounts that may be indirectly secured by the Cross-Collateralization provision of this Deed of Trust.

Page 12 - Deed of Trust

Lender. The word "Lender" means LEWIS HANSON AND COMPANY, INC. TRUSTEE FOR CYRUS FARM LOAN, CLOVERDALE LOAN, CLOVERDALE 702 LOAN, CLOVERDALE 702 2ND LOAN, CYRUS PARCEL 9 LOAN, ASPEN INVESTMENTS LOAN, ASPEN INVESTMENTS 2ND LOAN, ASPEN LAKES DEVELOPMENT LOAN, ASPEN LAKES LOT 101 LOAN, ASPEN LAKES LOT 106 LOAN, ASPEN LAKES LOT 116 LOAN, ASPEN LAKES LOT 117 LOAN, ASPEN LAKES TRACT "O" LOAN, ASPEN LAKES TRACT "O" 2ND LOAN and CYRUS PARCEL 8 LOAN, its successors and assigns. The words "successors and assigns" means any person or company that acquires any interest in the Note.

Note. The word "Note" means the promissory note dated JANUARY 25, 2007; OCTOBER 29, 2007; MARCH 31, 2008; JULY 21, 2008, FEBRUARY 9, 2009 & MARCH 20 2009, in the original principal amount of $ 4,850,000.00 from the Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the promissory note or agreement. The maturity dated of the Notes are JANUARY 25, 2017; OCTOBER 29, 2017; MARCH 31, 2018; JULY 21, 2018, FEBRUARY 9, 2019 & MARCH 20, 2019.

Personal Property. The words "Real Property" means collectively the Real Property and the Personal Property.

Property. The word "Property" means the real property, interests and rights, as further described in this Deed of Trust.

Related Documents. The words "Related Documents" means all promissory notes, credit agreements, loan agreements, environmental agreements, indemnity agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the indebtedness.

Rents. The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property.

Trustee. The word "Trustee" means JAMES H. JORDAN, Attorney, whose address is P. O. BOX 983, ALBANY OR 97321, and any substitute or successor trustees.

EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND EACH GRANTOR AGREES TO ITS TERMS.

GRANTOR:

By: _____ 3-20-09          By: _____ 3/20/09
    OMER K. CYRUS      DATE                 CONIDA E. CYRUS      DATE


## ACKNOWLEDGMENT

STATE OF OREGON      )
                     ) ss.
County of Deschutes  )

On this 20 day of ~~FEBRUARY~~ MARCH 5m, 2009, before me, the undersigned Notary Public, personally appeared OMER K. CYRUS and CONIDA E. CYRUS. who executed the Deed of Trust and acknowledged the Deed of Trust to be their free and voluntary act and deed.

By: _____          My Commission Expires: 07-22-11
    Notary Public for the State of Oregon


Page 13 - Deed of Trust



OFFICIAL SEAL
SHELLEY MARSH
NOTARY PUBLIC-OREGON
COMMISSION NO. 416884
MY COMMISSION EXPIRES JULY 22, 2011

**GRANTOR:**

By: O. Keith Cyrus  3-20-09
O. KEITH CYRUS
(AKA: OMER KEITH CYRUS)            DATE

By: [signature]  3/20/09
MATTHEW K. CYRUS            DATE

By: Conida E Cyrus  3/20/09
CONIDA E. CYRUS            DATE

By: Pamela K. Cyrus  3/20/09
PAMELA K. CYRUS            DATE
(AKA: PAMELA K. MITCHELL)


### ACKNOWLEDGMENT

STATE OF OREGON            )
                          ) ss.
County of Deschutes       )

                MARCH  on
On this 20 day of ~~FEBRUARY~~ , 2009, before me, the undersigned Notary Public, personally appeared
O. KEITH CYRUS, CONIDA E. CYRUS, MATTHEW K. CYRUS and PAMELA K.CYRUS (aka PAMELA K. MITCHELL), who
executed the Deed of Trust and acknowledged the Deed of Trust to be their free and voluntary act and deed.

By: Shelley Marn            My Commission Expires: 07-22-11
Notary Public for the State of Oregon

OFFICIAL SEAL
SHELLEY MARSH
NOTARY PUBLIC-OREGON
COMMISSION NO. 418684
MY COMMISSION EXPIRES JULY 22, 2011

**GRANTOR:**

ASPEN INVESTMENTS, LLC

By: O. Keith Cyrus  3-2009
O. KEITH CYRUS
Member            DATE

By: [signature]  3/20/09
MATTHEW K. CYRUS
Member            DATE

By: Pamela K. Cyrus  3-20-09
PAMELA K. CYRUS
Member            DATE


Page 14 - Deed of Trust

## ACKNOWLEDGMENT

STATE OF OREGON )
) ss.
County of Deschutes )

On this _20_ day of _MARCH_, 2009, before me, the undersigned Notary Public, personally appeared O. KEITH CYRUS, MATTHEW K. CYRUS and PAMELA K. MITCHELL as MEMBERS of ASPEN INVESTMENTS, LLC, an Oregon Limited Liability Company, who executed the Deed of Trust and acknowledged the Deed of Trust to be their free and voluntary act and deed.

By: _Shelley Marsh_
   Notary Public for the State of Oregon

My Commission Expires: _07-22-11_

OFFICIAL SEAL
SHELLEY MARSH
NOTARY PUBLIC-OREGON
COMMISSION NO. 418864
MY COMMISSION EXPIRES JULY 22, 2011

**GRANTOR:**

**ASPEN LAKES DEVELOPMENT, LLC**

By: _O. Keith Cyrus_   3-20-09
   O. KEITH CYRUS   DATE
   Member

By: _Matthew K. Cyrus_   3/20/09
   MATTHEW K. CYRUS   DATE
   Member

By: _Pamela K. Cyrus_   3-20-09
   PAMELA K. CYRUS   DATE
   Member

## ACKNOWLEDGMENT

STATE OF OREGON )
) ss.
County of Deschutes )

On this _20_ day of _MARCH_, 2009, before me, the undersigned Notary Public, personally appeared O. KEITH CYRUS, MATTHEW K. CYRUS and PAMELA K. MITCHELL as MEMBERS of ASPEN LAKES DEVELOPMENT, LLC, an Oregon Limited Liability Company, who executed the Deed of Trust and acknowledged the Deed of Trust to be their free and voluntary act and deed.

By: _Shelley Marsh_
   Notary Public for the State of Oregon

My Commission Expires: _07-22-11_

Page 15 - Deed of Trust

OFFICIAL SEAL
SHELLEY MARSH
NOTARY PUBLIC-OREGON
COMMISSION NO. 418864
MY COMMISSION EXPIRES JULY 22, 2011

**REQUEST FOR FULL RECONVEYANCE**
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and hold of all indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____.

Date: _____     Beneficiary: _____

Page 16 - Deed of Trust

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

PARCEL 1:

The North half (N1/2) of Section Thirteen (13) all in Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon,

EXCEPTING THEREFROM a portion of the Southwest Quarter of the Northwest Quarter (SW1/4NW1/4) of Section Thirteen (13), described as follows:

Beginning at a point on the Section line between Sections Thirteen (13) and Fourteen (14), South 0°38'54" East, 1581.85 feet from the Northwest corner of Section 13 and running thence South 0°38'54" East, 361.5 feet; thence South 67°48'54" East, 361.5 feet; thence North 0°38'54" West, 361.5 feet to the South side of Jordan Road; thence North 67°48'54" West, 361.5 feet along the South side of Jordan Road to the point of beginning.

ALSO EXCEPTING THEREFROM that portion lying within the right of way of Cloverdale Road, Slayton Road and Jordan Road.

PARCEL 2:

Lot One Hundred One (101), Lot One Hundred Six (106), Lot One Hundred Sixteen (116) and Lot One Hundred Seventeen (117) GOLF COURSE ESTATES AT ASPEN LAKES PHASE 4, Deschutes County, Oregon.

**PARCEL 3:**

The North Half of the South Half (N1/2S1/2) and that portion of the South Half of the South Half (S1/2S1/2) lying Northerly of Squaw Creek Canal, of Section Thirteen (13), Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon, EXCEPT that portion of the Northeast Quarter of the Northeast Quarter Southeast Quarter (NE1/4NE1/4SE1/4) described as follows:

Commencing at a point which is the intersection of the North right of way line of the Jordan Road with the East line of Southeast Quarter (SE1/4) of said Section 13, which is the point of beginning; thence Northerly along said East line of said SE1/4 a distance of 330.00 feet; thence Westerly along a line perpendicular to said East line of said SE1/4, a distance of 63.00 feet, to an intersection of a point on the North right of way line of the Jordan Road; thence Southeasterly along said right of way of the Jordan Road to the point of beginning;

ALSO EXCEPTING, beginning at the center of said Section 13, and running thence South 89°28' West, 610.00 feet along the North line of the South Half (S1/2) of said Section 13; thence South 41°42' East, 215.00 feet; thence South 26°51' East 278.00 feet; thence South 14°54' East, 244.00 feet; thence South 01°25' West, 161.00 feet; thence South 18°13' West, 466.00 feet; thence South 39°54' West, 204.00 feet; thence South 22°45' East, 51.00 feet; thence North 60°00' East, 132.00 feet; thence North 35°02' East, 396.00 feet; thence North 31°44' East, 458.00 feet; thence North 29°08' East, 408.00 feet; thence North 08°48' East, 327.00 feet; thence South 89°28' West 293.00 feet to the center of said Section 13 which was the point of beginning;

ALSO EXCEPTING, commencing at a point which is the intersection of the South right of way line of Jordan Road with East line of the SE1/4 of Section 13, which is the point of beginning; thence Southerly along said East line of said SE1/4, a distance of 466.70 feet; thence Westerly along a line perpendicular to said East line of said SE1/4, a distance of 466.70 feet; thence Northerly along a line parallel to said East line of said SE1/4 to the South right of way line of Jordan Road; thence Southeasterly along said South right of way line of said road to the point of beginning;

ALSO EXCEPTING a tract of land in the West Half of the Southwest Quarter (W1/2SW1/4) of Section 13, Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon, and described as follows:

Beginning at the corner of Sections Thirteen (13), Fourteen (14), Twenty-three (23) and Twenty-four (24) if Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon, and running thence North 00°56'36" East, 1,737.34 feet along the Section line between Section 13 and 14; thence North 89°10'20" East, 98.00 feet; thence South 76°01'10" East, 175.00 feet; thence South 71°43'40" East, 169.00 feet; thence South 65°51' East, 175.00 feet; thence South 51°34'20" East 425.00 feet; thence South 39°36'20" East, 470.00 feet to a large Juniper tree on the North right of way line of the Squaw Creek Canal; thence along the North right of way line of the Squaw Creek Canal North 71°51' West, 278.00 feet; thence North 63°30' West, 380.00 feet; thence North 81°00' West, 125.00 feet; thence South 56°55' West 212.00 feet; thence leaving the canal right of way line and running thence South 08°50' West, 1,122.00 feet to the South line of Section 13; thence North 88°54' West, 171.60 feet along the South line of Section 13 to the point of beginning, and EXCEPTING THEREFROM the right of way of the present Squaw Creek Canal as now located over and across said land.

FURTHER EXCEPTING a tract of land located in Deschutes County, Oregon, in the Northeast Quarter of the Southwest Quarter (NE1/4SW1/4) of Section Thirteen (13), Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon, described as follows:

Beginning at a point on the East and West Center line of Section 13, Township 15 South, Range 10, E.W.M., South 89°28' West, 618.00 feet from the center of Section 13, said point being the Northwest corner of that tract of land granted to O. Keith Cyrus, in Warranty Deed recorded in Book 127, Page 33, Deed Records, and running thence South 41°42' East, 215.00 feet; thence South 26°51' East, 278.00 feet; thence South 14°51' East, 244.00 feet; thence South 01°25' West, 161.00 feet; thence North 79°44'10" West, 223.50 feet; thence North 3°21'30" West, 314.50 feet; thence North 15°29'40" West, 230.00 feet; thence North 32°55'20" West, 272.30 feet to a point on the North line of the Northeast Quarter of the Southwest Quarter (NE1/4SW1/4) of Section 13; thence North 89°28' East, 120.00 feet along said North line to the point of beginning.


PARCEL 4:

A tract of land lying partly in the East Half of the Southwest Quarter (E1/2SW1/4) of Section Thirteen (13) and partly in the Northwest Quarter of the Southeast Quarter (NW1/4SE1/4) of Section Thirteen (13), Township Fifteen (15) South, Range Ten (10) East of the Willamette Meridian, Deschutes County, Oregon, and described as follows:

Beginning at the center of Section 13 of Township 15 South, Range 10, E.W.M, and running thence South 89°28' West, 610.00 feet; thence South 41°42' East, 215.00 feet; thence South 26°51' East, 278.00 feet; thence South 14°54' East, 244.00 feet; thence South 01°25' West, 161.00 feet; thence South 18°13' West, 466.00 feet; thence South 39°54' West, 204.00 feet; thence South 22°45' East, 51.00 feet; thence North 60°00' East 132.00 feet; thence North 35°02' East, 396.00 feet; thence North 31°44' East, 458.00 feet; thence North 29°08' East, 408.00 feet; thence North 08°48' East, 327.00 feet; thence South 89°28' West, 293.00 feet to the center of Section 13, which was the point of beginning;


PARCEL 5:

A tract of land located in Deschutes County, Oregon, in the Northeast Quarter of the Southwest Quarter (NE1/4SW1/4) of Section Thirteen (13), Township Fifteen (15) South, Range Ten (10) East of the Willamette Meridian, Deschutes County, Oregon, and described as follows:

Beginning at a point on the East and West Center line of Section 13, Township 15 South, Range 10, E.W.M., South 89°28' West, 618.00 feet from the center of Section 13, said point being the Northwest corner of that tract of land granted to O. Keith Cyrus, in Warranty Deed recorded in Book 127, Page 33, Deed Records, and running thence South 41°42' East, 215.00 feet; thence South 26°51' East, 278.00 feet; thence South 14°51' East, 244.00 feet; thence South 01°25' West, 161.00 feet; thence North 79°44'10" West, 223.50 feet; thence North 03°21'30" West, 314.50 feet; thence North 15°29'40" West, 230.00 feet; thence North 32°55'20" West, 272.30 feet to a point on the North line of the Northeast Quarter of the Southwest Quarter (NE1/4SW1/4) of Section 13; thence North 89°28' East, 120.00 feet along said North line to the point of beginning.

PARCEL 6:

The West half of the Southwest Quarter (W1/2W1/4) of Section Twelve (12), Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon.

PARCEL 7:

The East Half of the Northeast Quarter (E1/2NE1/4) and the Northeast Quarter of the Southeast Quarter (NE1/4SE1/4) of Section Twelve (12), Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon;

EXCEPTING THEREFROM that portion lying within the right of way of the McKenzie Highway (Redmond-Sisters Highway), and Cloverdale Road.

PARCEL 8:

Tracts N and P, GOLF COURSE ESTATES AT ASPEN LAKES PHASE 2, Deschutes County, Oregon.

PARCEL 9:

Tract A and Tract B, THE RIM AT ASPEN LAKES, Deschutes County, Oregon.

PARCEL 10:

Tract O, GOLF COURSE ESTATES AT ASPEN LAKES PHASE 2, Deschutes County, Oregon.

PARCEL 11:

The South Half of the Southeast Quarter (S1/2SE1/4) and Northwest Quarter of the Southeast (NW1/4SE1/4) of Section Twelve (12), all in Township Fifteen (15) South, Range Ten (10), East of the Willamette Meridian, Deschutes County, Oregon,

ALSO EXCEPTING THEREFROM that portion lying within the right of way of Cloverdale Road, Slayton Road and Jordan Road.